BADGER LUMBER COMPANY ET AL., APPELLEES, V.
EMMA H. HOLMES ET AL., APPELLANTS.

FILED MARCH 5, 1895. No. 6266.

1. **Mechanics' Liens:** PROPERTY COVERED. A material-man
contracted with the owner of six city lots to furnish him mate-
rial for the erection of six buildings, one on each of said lots.
The material was furnished and so used. In a suit by the ma-
terial-man to have established and foreclosed a lien against said
lots for the balance due for material furnished under said contract,
the district court, by its decree, gave the material-man a lien on
a portion of said lots for the entire amount remaining due for
the material furnished under the contract. The evidence did
not show what proportion of the material furnished was used in
the construction of the buildings on the lots made liable by the
decree for the balance due. *Held,* (1) That the whole debt
might be charged to all the real estate; (2) but all the debt
could not be charged to a part of the lots; (3) that the decree
should be reversed.

2. ——: ——: APPORTIONMENT. Where it is sought to charge
a part only of certain real estate for the value of material fur-
nished for the erection of improvements upon all said real estate,
then the value of the material furnished must be apportioned so
that the parts of the real estate charged shall bear no greater
amount of the expense than the value of the material actually
used in constructing the improvement made on such part. *Byrd
v. Cochran,* 39 Neb., 109, followed and reaffirmed.

APPEAL from the district court of Lancaster county.
Heard below before TIBBETS, J.

*Harwood, Ames & Pettis,* for appellants, cited: *Doolittle
v. Plenz,* 16 Neb., 153; 2 Jones, Liens, secs. 1313–1315;
*Holmes v. Richet,* 56 Cal., 307; *McCarty v. Van Etten,* 4
Minn., 358; *Knox v. Starks,* 4 Minn., 7; *Roose v. Bil-
lingsly,* 74 Ia., 51.

*Albert Watkins* and *Dawes, Coffroth & Cunningham,*
contra, cited, contending that the material-man was entitled

to a joint lien : *Wakefield v. Latey,* 39 Neb., 285; *Phillips, Mechanics' Liens,* secs. 374, 376; *Mandeville v. Reed,* 13 Abb. Pr. [N. Y.], 173; *Bowman Lumber Co. v. Newton,* 72 Ia., 90; *Lewis v. Saylors,* 73 Ia., 504; *Stockwell v. Carpenter,* 27 Ia., 119; *Millsap v. Ball,* 30 Neb., 728; *Bohn Mfg. Co. v. Kountze,* 30 Neb., 719; *Wilcox v. Woodruff,* 61 Conn., 578; *White Lake Lumber Co. v. Russell,* 22 Neb., 126; *Oster v. Rabeneau,* 46 Mo., 595; *Rose v. Perse,* 29 Conn., 256; *Phillips, Mechanics' Liens,* sec. 387.

RAGAN, C.

On the 25th day of August, 1890, the Badger Lumber Company, a corporation dealing in lumber in the city of Lincoln, filed in the office of the register of deeds, in Lancaster county, a "verified account of items" of certain material which it alleged it had, previous to that time, furnished for the erection of a "dwelling house" upon certain real estate. This "verified account of items" recited that in the month of August, 1889, one Cadwalader entered into a verbal contract with the Badger Lumber Company for lumber and other material for the erection of a dwelling house on lots 1, 2, 3, 10, 11, 12, in block 3, in Avondale Addition to the city of Lincoln; that in pursuance of said verbal contract the Badger Lumber Company, between the 14th day of August, 1889, and the 2d day of May, 1890, furnished the material mentioned in said account on said premises, and that such material was used on said premises in the construction of said "dwelling house," and claimed a lien against said premises for such material for a balance of $492.18 remaining unpaid. The Badger Lumber Company brought this action in the district court of Lancaster county, making the "verified account of items" filed in the office of the register of deeds of said county the basis of its suit, and in its petition set out the making of the verbal contract with Cadwalader to furnish material for the erection of a "dwelling house" on said real estate; that it had

furnished such material; the making, verification, and filing of the "account of items" of material furnished under the contract, and the balance remaining due thereon, and prayed that it might be decreed a lien upon said real estate for the balance due it for the material furnished under the contract with Cadwalader. Numerous parties were made defendants to the action, among them Cadwalader and wife and W. W. Holmes and wife, the latter of whom had become the owners of those portions of said premises mentioned in the court's decree. The district court found and decreed that there was a balance of $580 due from Cadwalader and wife to the Badger Lumber Company for material which it had furnished Cadwalader under his verbal contract with the lumber company, and to secure its payment decreed the lumber company a lien on the south fifty feet of lots 1 and 2, the north fifty feet of lots 11 and 12, the south fifty feet of lots 11 and 12, and the west forty-five feet of lot 10, in block 3, in Avondale Addition to the city of Lincoln; and from this decree the representatives of W. W. Holmes have appealed.

The undisputed evidence is that the verbal contract between the Badger Lumber Company and Cadwalader was that the former would furnish material to the latter for erecting a building on each of the six lots mentioned in the "verified account of items" filed in the office of the register of deeds by the Badger Lumber Company; that the material, in pursuance of said contract, was used indiscriminately by Cadwalader in erecting these buildings, one on each of said six lots. But the evidence does not show, nor was there any attempt to show, what proportion of the material mentioned was used in constructing the buildings on the lots and parts of lots which, by the decree of the district court, was made liable for the balance due the Badger Lumber Company from Cadwalader. In *Byrd v. Cochran*, 39 Neb., 109, HARRISON, J., speaking for this court, said: "When a subcontractor paints two separate

houses and furnishes the paint and other materials neces-
sary for use in the painting,   *   *   *   in order to recover
upon a mechanic's lien filed against one of the houses and the
lot upon which it stands it must be shown that the amount
charged against the one house and lot is the value of the
labor performed upon, and materials furnished for, such
house, or an estimate made by some method or plan which
will produce a certain definite result, and mere approxima-
tion or guess-work will not suffice to establish the lien."
(*Doolittle v. Plenz*, 16 Neb., 153.)   This case is decisive of
this appeal.   Here the contract was to furnish material to
erect six buildings upon six lots, the material was so fur-
nished, and it was used indiscriminately in building each
of the six buildings.   The whole debt then might be
charged to all six of the lots. (*Wakefield v. Latey*, 39 Neb.,
285.)   But all the debt for all the material cannot be
charged to a part of the lots.   If it is sought to charge a
part only of the lots for material furnished under the con-
tract, then the amount of the material furnished must be
apportioned so that the parts charged shall bear no greater
amount of the expense than the value of the material
actually used on said parts in the construction of the im-
provements made thereon.

The finding and decree of the district court in favor of
the Badger Lumber Company only is reversed and the
cause remanded to the district court for further proceedings
in accordance with this opinion.   All the costs of this ap-
peal are to be taxed to the Badger Lumber Company.

JUDGMENT ACCORDINGLY.