G. E. GARNER, RESPONDENT *v.* A. VAN PATTEN, APPELLANT.

MECHANICS' LIEN — NOTICE OF CLAIM — PARTICULARITY OF STATEMENT — AMOUNT CLAIMED — PROVINCE OF TRIAL COURT —' SEC. 1387 R. S. 1898. OBJECTIONS—WHEN NOT CONSIDERED. JUDGMENT AND DECREE—MODIFICATION OF.

*Mechanics' Lien—Notice of Claim—Particularity of Statement—Amount Claimed—Province of Trial Court—Sec. 1387 R. S. 1898.*
    A notice of lien for labor performed on certain mining claims and a smelter, filed under Sec. 1387 R. S. 1898, should properly state the amount of lien claimed upon each piece of property

upon which labor was performed, so far as the claimant is able to state it; yet whether the amount claimed in the lien, is the just sum due, must be left for the determination of the trial court; and where it appears that the labor was performed by the day on the several properties and it is difficult to segregate the amount on each piece, a notice of lien, complete in other respects, which states the full amount due as due on each property, is under the circumstances shown, is properly admitted in evidence.

*Objections—When Not Considered.*

Objections to the legality of the procedure of the trial court not properly before this court by demurrer, exception or otherwise will not be considered.

*Judgment and Decree—Modification of.*

Where an item for expense of filing a lien, claim for which was not embraced in the complaint, is allowed and entered in the decree by the trial court; and no objection or exception is found in the record as to the allowance thereof; and respondent admits that the allowance is erroneous and was made through mistake, the decree and judgment should be modified by deducting such item.

(Decided October 17, 1899.)
(Rehearing denied Nov. 23, 1899.)

Appeal from the Second District Court, Morgan county, Hon. H. H. Rolapp, *Judge.*

Action to recover an amount claimed to be due plaintiff for work and labor on mining property and a smelter in connection therewith, and to foreclose a mechanics' lien on said mines and smelter. From a judgment and decree for plaintiff, defendant appealed. *Modified*

*A. J. Weber, Esq.,* for appellant.

The requirement that the claim or notice must contain the terms, time given and conditions of the contract is imperative. Phillips on Mech. Liens, p. 577, Sec. 350.

The notice of lien shows an agreed price—a lump sum. The complaint and findings show work was done by the day and that in his own claim plaintiff included the unassigned claims of others. This is a fatal variance. *Wagner* v. *Hansen*, 37 Pac. 195.

An attempt was made to comply with the provisions of section 1387 of the Revised Statutes, but there was no real apportionment, as the whole amount alleged to be due, was in each claim of lien placed upon each property sought to be held. Phillips on Mech. Liens, pp. 606 to 617, Secs. 369–377. *Plummer* v. *Eckenrode*, 50 Md. 225.

"The complaint must show affirmatively that all the necessary steps to acquire a lien have been taken. It is not sufficient to merely recite the notice or claim of lien." 2 Jones on Liens, Secs. 1588, 1589.

"It is not sufficient that the amount of the lien can be ascertained by extrinsic evidence, but the owner of the property is entitled to be informed of that fact from the account or statement of the lien filed in accordance with the statute." 2 Jones, p. 298, Sec. 1323. *Boyle* v. *M. Key Min. Co.*, 50 Pac. 352.

A personal judgment was rendered against defendant Van Patten — as well as a decree foreclosing the alleged liens. Section 1392, Revised Statutes, provides: That the Court shall cause the property to be sold "as in the case of foreclosure of mortgages." If there be a deficiency after sale, a personal judgment may be docketed for the balance—not before. Phillips on Mech. Lien, Secs. 307, 446, 447, 448; 2 Jones on Liens, Sec. 1614; *Donaldson* v. *Grant*, 49 Pac. 781.

*George McCormick, Esq., J. S. Peery, Esq.*, and *A. E. Pratt, Esq.*, for respondent.

So long as the complaint states a cause of action in con-

formity with the notices of lien, it is sufficient, they need not be in *hœce verba. Bradwell* v. *Anderson.* (Mont.) 32 Pac. 285; *Green* v. *Clifford,* (Cal.) 29 Pac. 331-2; *Brubacker* v. *Bennett,* (Utah) 57 Pac. 170; *Slight* v. *Patton,* (Cal.) 31 Pac. 249-50; *Parker* v. *Bell,* 7 Gray (Mass.) 429.

A lien may be dismissed as to certain property and held effective as to other, when the property is segregated and the amount claimed against each is specifically set forth. *Culmer* v. *Clift,* (Utah.) 47 Pac. 86; *Fitch* v. *Howitt,* 52 Pac. 192; *Harmony* v. *San Francisco,* 25 Pac. 124-5; *Gordon, Hardman & Co.* v. *San Francisco,* 25 Pac. 125-6; *Booth, et al.* v. *Pendola,* 23 Pac. 200; Revised Statutes of Utah, 1898, Secs. 3001 and 3008.

The party objecting must lay his finger upon the very point of objection. The particular grounds of objection must be stated so that the trial court may fully understand the nature of the objection before passing upon it. *Snowden* v. *Pleasant Valley Co.* (Utah), 52 Pac. 599–601; *Kraner* v. *Halsey,* (Cal.) 22 Pac. 1137-8; *B. & O. R. Co.* v. *Hellinthal,* 31 U. S. C. C. A. 414; *Ala. Mid. R. Co.* v. *Darby,* 24 So. 713; *Culmer* v *Clift,* (Utah) 47 Pac. 85-7; *Foster* v. *Van Ostern,* 72 Ill. App. 307; *Naylor* v. *Vt. L. & T. Co.,* (Ida.) 55 Pac. 297.

Objections to findings cannot be raised for the first time on appeal. Enc. P. & P., Vol. 8, p. 273-4, and cases cited under note 15 Ibid.; *Van Pelt* v. *Park,* (Utah) 55 Pac. 381; *Voorhuse* v. *Manti City,* (Utah) 45 Pac. 566; *Crown Coal & Tow Co.* v. *Thomas,* 75 Ill. App. 679; *Stafford* v. *Crawford,* (Mich.) 76 N. W. 496; *Lederer* v. *Kohns Est.,* (Wis.) 76 N. W. 604; *Cox* v. *Stokes,* (N. Y.) 51 N. E. 316.

*Per Curiam.* This action was brought to recover an amount claimed to be due plaintiff, for work and labor

performed in the development and operation of two mining claims and a smelter run in connection therewith, located in Morgan county, and to foreclose a mechanic's lien on said mines and smelter.

The complaint alleges a lien on defendant's mines and smelter for services of the plaintiff thereon, and a lien obtained by one Jones, thereon, for like services, which lien claim has been assigned to plaintiff.

No demurrer was interposed to the complaint, but an answer was filed thereto, denying the allegations therein, but admitting the description of the mines to be as set out in the complaint.

The case was tried before a referee.

Plaintiff offered the respective notices for liens in evidence. The defendant objected to their introduction on the ground that the notices were not such as were required by law; that the notices did not apportion the amount claimed against the respective mines as required by Sec. 1387, Rev. Stat. 1898, and were at variance with the allegations in the complaint, and were irrelevant, immaterial, incompetent, and insufficient. The objection was overruled and the notices read in evidence. Each notice contained a statement of plaintiff's demand, the name of the owner, the name of the defendant, who employed him, and a statement of the terms, time given, and conditions of the contract, the time when the first and last labor was performed, and a description of the property to be charged with the lien.

In plaintiff's notice a lien is claimed for labor performed from November 12, to Dec. 29, 1897, in working, developing and preserving the mines commonly known as the Cottonwood Friend and the Silver Zone, describing them.

The Cottonwood Friend mine, and appurtenances is charged with a lien of $212.50, and the Silver Zone mine

and appurtenances is charged with a lien of $212.50, and both said mines, smelter and appurtenances are charged with a lien of $212.50, after deducting all set-offs, credits and payments made, for services rendered.

Defendant VanPatten was charged as the owner, or reputed owner of the property, and that the labor, for which the lien is claimed, was performed at his request, for which he agreed to pay $293.50, $81.50 of which sum had been paid, and that after allowing all just credits of defendants, there remained due plaintiff from defendant VanPatten, the just and full sum of $212.50.

It appears from the notice that the sum of $212.50, was claimed against each mine, and that the full sum due amounted to $212.50. A designation of the amount claimed on each mine is stated.

The statements in the lien when taken together are not as accurate, explicit and definite as they should have been, yet, when we consider that the claim was for labor performed by the day on the several mining properties, it may have been exceedingly difficult to segregate the amount of labor performed upon each piece of property with more particularity.

It is not fatal to the notice that the claimant claimed a lien upon each mine for more than was actually due. Such a condition if allowed, might defeat the object of the statute. Properly, the notice in such a case, should state the amount of lien claimed upon each piece of property upon which labor was performed, so far as the claimant is able to state it. In such cases the statute should be followed. Whether the amount claimed in the lien is the just sum due must be left for the determination of the court when proceedings are taken to enforce the lien. The lien of Jones which was assigned to the plaintiff was of a similar character.

Under the circumstances, we are of the opinion that no reversible error was committed in admitting the notices in evidence.

Many other objections are made to the legality of procedure, but the objections are not properly brought before this court, by demurrer, exception, or otherwise.

That the description of the property was correct was admitted by the answer. The question of the ownership of the mines, was a question to be determined by the evidence, which is not before us. The court found that the defendant Van Patten was the manager of said mines and smelter, and was publicly and notoriously engaged in working, developing, constructing and operating them.

The findings of the referee, which seem to have been adopted by the court, erroneously included a claim or lien of George Rawlins for services and $12.00 for expenses of filing his lien. An examination of the record shows that this claim was not embraced in the complaint, and was not included in the total sum for which judgment was rendered, except the sum of $12.00 for recording lien. No objection or exception is found in the record as to the allowance of this claim of $12.00.

Respondent admits the allowance of this charge of $12.00 is erroneous, and that it was allowed through inadvertance and mistake. Therefore, this item of $12.00, should be deducted from the judgment and lien as allowed.

We find no reversible error in the record.

The cause is remanded to the district court with directions to modify the judgment and decree therein by deducting the sum of $12.00, above referred to. With such modification the judgment and decree, as ordered modified, is affirmed. Each party is required to pay one-half of the costs of this appeal.