SIERRA NEVADA LUMBER COMPANY, a Corporation, Respondent, v. SAMUEL M. WHITMORE, Appellant, and J. F. M'LACHLAN.

No. 1325.    (66 Pac. 779.)

1. Mechanics' Liens: Subcontractors: Extent of Lien: Reasonable Value of Services.
Under Revised Statutes, section 1372, providing that mechanics, materialmen, contractors, subcontractors, etc., shall have a lien for the value of services rendered, in the absence of a special contract fixing the value of the services, etc., the limit of the lien would be the reasonable value of the services.

2. Same: Contract Price.
Revised Statutes, section 1372, provides that mechanics, subcontractors, etc., shall have a lien for the value of their services, etc.,

Sierra Nevada Lumber Co. v. Whitmore.

Section 1373 provides that, in case of a contract between the owner and a contractor, the lien shall extend to the entire price, and that such contract shall operate as a lien in favor of all persons, except the contractor, to the extent of the whole contract price. Section 1386, requires a subcontractor in his notice of lien, to state the terms and conditions of his contract. *Held*, that the statute gives a subcontractor under a contract fixing the price of the services, etc., a lien, not for the actual value of his services or the materials furnished, but to the extent of the subcontract price within the limits of the original contract.

## 3. Same: Notice to Owner.
The owner in his dealings with the contractor is charged with notice of the fact that the contractor has a right to subcontract, and that the subcontractor is entitled to a lien within the limit of the original contract price.[1]

## 4. Same: Owner May Protect Himself.
The owner has a right to retain enough of the original contract price to cover the lien of the subcontractor, and apply the same in satisfaction of such lien.

## 5. Same: Deduction for Materials not Used.
Since the extent of the lien of a subcontractor is the contract price, the owner of the premises on which a subcontractor files his lien is not entitled, in an action by the subcontractor to foreclose the lien, to a deduction for materials furnished the contractor and not used, it appearing that the building was finished in accordance with the contract with the owner.

## 6. Same: Payments by Owner: Notice of Lien: Risk.
Where, in a suit to foreclose a subcontractor's lien for $197.51, it appeared that the contract price was $5,500; and that a sum paid by the owner to the contractor to be paid to such subcontractor had been applied on another account between the contractor and the subcontractor, and it did not appear that the owner had paid the contract price, or that there was not enough remaining in his hands to pay the subcontractor's lien, a credit for the sum paid would not be allowed.[1]

(Decided December 5, 1901.)

Appeal from the Third District Court, Salt Lake County.— *Hon. W. C. Hall,* Judge.

---

[1]Lumber Co. v. Partridge, 10 Utah 321, 329; 37 Pac. 572.

Action to foreclose a mechanic's lien. From a decree awarding to the lumber company a lien for $197.51 and ordering a sale of certain real estate to satisfy the same, defendant Whitmore appealed.

AFFIRMED.

*Messrs. Bennett, Howat, Sutherland & Van Cott* for appellant.

Where the contract for furnishing materials is not made by the owner himself or his duly authorized agent, but by the principal contractor, the materialman can recover from the owner only the fair market value at the time. Upon this point there does not seem to be any conflict in the authorities. The principle upon which the mechanic or materialman is given a lien is that he has enhanced the value of an estate by his labor or materials, and should therefore be given a lien to that extent. Wall v. Robinson, 115 Mass. 429-30.

The lien is exclusively the creature of the statute, and it has no existence independent of the statute. Phillips on Mech. L., sec. 9.

It does not arise by virtue of the contract which the materialman makes with the contractor, but by reason of the fact that materials have been furnished for the estate which have added to its value, and inasmuch as they have become connected with the entire estate and can not become separated from it, the materialman is given a lien upon the whole. Phillips on Mech. L., sec. 13.

The better rule is that as the materials did not go into the building they did not enhance the value of the estate, and therefore, should not be made the basis of a lien. Upon this question the authorities are in conflict. The subject is discussed by a recent author, and a large number of cases are cited upon

Sierra Nevada Lumber Co. v. Whitmore.

both sides.    Boisot on Mech. L., sec. 119.    The author says that there is no general rule on the subject.

We cite below, without exhausting the list, a number of cases which hold in accordance with our contention.    Boisot, at the section above stated, cites some of these cases and others, to which we invite the attention of the court:    Hunter v. Blanchard, 18 Ills. 318, 323; Fitch v. Howitt (Or.), 52 Pac. 192; Hill v. Bowers (Kan.), 26 Pac. 13; McGarry v. Averill (Kan.), 31 Pac. 1082; Chapin v. Persse, 30 Conn. 461, 472; Taggard v. Buckmore, 42 Me. 77; Phillips v. Wright, 5 Sanf. (N. Y. Sup. Ct.) 361; Hiscox v. Harbeck, 2 Bosw. (N. Y. Sup. Ct.) 506; Deardorff v. Everhartt, 74 Mo. 37; Schulenburg v. Institute, 65 Mo. 295; Heltzell v. R. R. Co., 20 Mo. App. 435.

Where money is given by the owner to the contractor and the same is paid to the materialman, the latter must apply it to the debt for which the owner's property would otherwise be liable.    He has no right to apply it to another debt of the contractor without the owner's consent.    The ordinary rule, of course, is that the creditor who makes a payment to his debtor may direct the application of the payment to any debt he pleases, but this rule should not apply where the money is furnished by a third party who may ultimately be liable for the debt.    Crane Bros. v. Keck (Neb.), 53 N. W. Rep. 606. See, also, Goss v. Strelitz, 54 Cal. 640, 644.

*Messrs. Stephens & Smith* for respondent.

The appellant first claims that our recovery must be confined to the reasonable value of the materials furnished, and that the court must disregard the express contract made between the principal contractor, and the respondent, and limit the respondent's recovery to the reasonable value of the materials.    Cary-Lombard Company v. Partridge, 10 Utah 322.

No part of the contract price was paid at the time plaintiff

furnished its first materials, and it had a lien thereon, and Whitmore could not be heard to say, nor does he claim, that he did not have the money. R. S. 1898, sec. 1373 and 1378.

It is next claimed that the respondent can not recover for materials which were actually delivered upon the premises to be used in the erection of the terrace when it is shown that they were not actually used therein.

The weight of authority seems to be that the material-man's duty is ended when he actually delivers upon the premises, materials suitable for the structure contemplated, and that he is not responsible if they be diverted from the structure. Boisot on Mechanic's Liens, sec. 119; Phillips on Mechanic's Liens, sec. 149 and 150; Md. Brick Co. v. Spilman, 17 L. R. A. 599; Burns v. Sewell (Minn.), 51 N. W. 224; Small v. Foley, 47 Pac. 67; Well Co. v. Corey, 60 Ill. 73; Neilson v. R. R. Co. (Ia.), 1 N. W. 434; Watts v. Whittington, 48 Md. 357; Bank v. Mfg. Co., 14 N. J. Eq. 189; Berkel v. Pettigrew, 6 Ohio St. 247; Wellan v. Melchor, 2 Browne 104; Hinchman v. Graham, 2 Serg. & R. 170; Odd Fellows v. Masser, 24 Pa. St. 507; Hersey v. Gohn, 1 Penny. 40; Basch v. Sener, 1 Penny. 22; Steele Co. v. Refining Co. (Pa.), 23 Atl. Rep. 800; Boyd v. Mode, 9 Phila. 118.

BASKIN, J.—This is an action to foreclose a mechanic's lien. The appeal is upon the judgment roll from a decree awarding to the Sierra Nevada Lumber Company, respondent, a lien for $197.51 and costs on certain real estate of the appellant, and ordering a sale of the same to satisfy the lien.

The trial court found: "That on or about the thirty-first day of August, A. D. 1899, the defendant, Samuel M. Whitmore, who was the owner of an interest in the property described in the complaint, entered into a contract with the defendant, J. F. McLachlan, for the erection by said McLachlan for said Whitmore and others, of a terrace of dwelling houses, described, for the sum of $5,500; that said property is situated

in the city and county of Salt Lake; that between August·30 and December 9, 1899, the plaintiff sold and delivered to McLachlan certain materials, which were furnished for the building upon the premises described; that prior to furnishing said materials the said plaintiff, at the request of said McLachlan, made an estimate of what the said plaintiff would furnish the same for to the said McLachlan, which said estimate was itemized as to different materials, lumber, and millwork to be furnished, and the prices to be charged for each item stated; that said estimate was made in competition with other bidders, and there is no allegation or evidence of fraudulent overcharge; that McLachlan examined the estimate, and agreed to pay the plaintiff the amount thereof; that among the items so furnished to the said McLachlan were three flights of stairs and setting the same in place, which, under the said estimate, were to be charged for at the rate of $125 for each stairway, or $375 in all; that the said stairways and the setting of them in place were of the reasonable value of $80 each only, or $240 in all; that among the items so furnished to the said McLachlan was a quantity of sheeting, architrave molding, back band, quarter round and dimension timber, the price to be charged and the amount which the said McLachlan agreed to pay for which aggregated $78.02; that the said items last mentioned were delivered upon the said premises to the said McLachlan to be used in the said building, but the same were never actually used therein, nor returned to plaintiff, and there is no evidence to show what became of it; that on October 23, 1899, the defendant, Whitmore, gave to McLachlan the sum of $100, to be paid to the plaintiff company on account of materials furnished for the building but McLachlan paid the same to the plaintiff, and caused the amount to be credited on another account; that plaintiff was not aware that said $100 had been paid by the defendant, Whitmore, to be paid on the said account, but in good faith applied the said amount to the payment of another account of indebtedness of the said McLachlan to the plaintiff."

The trial court refused to allow, as a set-off against the plaintiff's claim, the difference ($135) between the contract price of the three flights of stairs and the sum found as the reasonable value thereof, $78.02, the contract price of lumber not actually used, and $100 given to McLachlan to be paid to the plaintiff.

1.   Appellant, Whitmore, contends that the $135 item should have been allowed as a credit in his favor on the ground that under the provisions of the mechanic's lien law of this state (Rev. Stat., sec. 1372) the respondent was entitled to a lien only for the value of the materials furnished. Said section provides that mechanics, materialmen, contractors, subcontractors, etc., shall have a lien . . . . for the value of services rendered, labor done, or materials furnished, . . . whether at the instance of the owner or of any other person acting by his authority or under him as agent, contractor, or otherwise. This section, if it stood alone, would limit the lien of the original contractor and all other lienholders to the value of the services, labor, and materials performed and furnished. In the absence of a special contract fixing the value of the services, labor, or materials, the law would imply an agreement to pay what they were reasonably worth, and in such instance their reasonable value would be the limit of the lien; but where there is an express contract between the owner and contractor by virtue of section 1373, which provides: "In case of a contract between an owner and a contractor, the lien shall extend to the entire contract price, and such contract shall operate as a lien in favor of all persons except the contractor to the extent of the whole contract price; and after all such liens are satisfied, then as a lien for any balance of the contract price in favor of the contractor"—a different rule prevails, and in that case the lien, without regard to reasonable value, extends to, and is limited only by, the contract price.   Such contract operates as a lien in favor of all persons who have, under either an express or implied contract with the original contractor, ren-

dered services, performed labor, or furnished materials; and the satisfaction of the lien of such person, if the sum secured thereby equals the original contract price, satisfies the lien under the original contract; otherwise it satisfies said lien only to the extent of the sum paid in satisfaction of the lien of persons other than the original contractor.   Section 1383 provides that "whoever shall do work or furnish materials by contract, express or implied, with the owner as in this chapter provided, shall be deemed an original contractor, and all other persons doing work or furnishing materials shall be deemed subcontractors."   Section 1386 requires a subcontractor, in his notice of intention to hold and claim a lien, to state the name of the person by whom he was employed or to whom he furnished the materials; also the terms, time given, and conditions of the contract.   In the provisions of the statute cited, the rights of a contractor to make subcontracts is recognized.   The owner, in his dealings with the contractor, is charged with notice of that fact, and that a subcontractor, by virtue of the original contract, is entitled, under his subcontract, to a lien, within the limit of the original contract price.   Lumber Co. v. Partridge, 10 Utah 322, 329, 37 Pac. 572.   The subcontract price may be less or greater than the value of the services rendered, labor performed, or materials furnished.   If much less, in the absence of fraud or mistake, certainly the subcontractor would not be entitled to a lien for their reasonable value; and, if much greater, in the absence of fraud or mistake, it follows that he would be entitled to a lien for the full subcontract price, as it is the original contract which, under the statute, in cases like the one at bar, operates as a lien in favor of the subcontractor and is limited to the original contract price.   The owner has the right in self-protection to retain enough of the original contract price to cover the liens of subcontractors, and apply the same in satisfaction of such liens; but in no other respect relating to the subcontract price is the owner concerned.   It was not the intention of the Legislature to limit

the lien to the value of the services, labor, or materials in cases where there is an express agreement between the owner and contractor, but its intention was to secure in such cases to a subcontractor under a subcontract made in good faith a lien for the subcontract price, within the limit of the original contract price. Counsel for the appellant cite in support of their contention Deardorff v. Everhartt, 74 Mo. 37, and Laird v. Noonan (Minn.), 20 N. W. 354. From the first of these cases it appears that the Missouri statute did not, like ours, give a lien "for the contract price, but for the materials." From the second it appears that a subcontractor's lien under the Minnesota statute was for the amount of his just claim, and not "dependent upon or limited by the amount due the contractor from the owner under the original contract, nor by the state of the account between them." Neither of these decisions is in point.

2. The appellant also contends that the $78.02 item should have been allowed in his favor, because the materials delivered to McLachlan, the contractor, at the agreed price of said sum, did not go into the building or enhance the value of the estate, and therefore were not the basis of a lien under the provisions of the statute. Under section 1372 of the Revised Statutes, all persons furnishing materials to be used in the construction of a building are entitled to have a lien. The trial court found that the materials in question were delivered to said contractor to be used in said building. From the fact that subcontractors are granted liens by the statute, it follows that said section includes materials delivered to the contractor to be used in the building. The failure by the contractor to use the materials in the building did not injure the appellant, because the extent of the lien on his property was the contract price, which he was bound in any event to pay either to the contractor or the subcontractor after the house was finished in accordance with his contract with McLachlan.

3. Appellant contends that the $100 item should have been allowed as a credit in his favor. In the opinion delivered

by Miner, J., in Lumber Co. v. Partridge, 10 Utah 322-329, 37 Pac. 572, it was held that "the lien of the plaintiff attached at the time the first materials were furnished to the contractor; that Partridge, the owner, was bound to take notice of such lien, and any payments made by him to the contractor after such lien attached must be held to have been made at his risk and peril." In the case at bar, the materials were furnished between September 30 and December 9, 1899, and the payment of the $100 was made October 23, 1899. The contract price for the building was $5,500. It was not alleged in the answer or found by the trial court that the owner has paid the contract price, or that there is not remaining in his hands enough of the contract price to satisfy the lien of the respondent; so that it does not affirmatively appear that the appellant has been injured by the failure to credit that amount on the account for materials furnished to the contractor.

It is ordered that the judgment be affirmed, and that the appellant pay the costs.

MINER, C. J., and BARTCH, J., concur.