Jerry **DUGGER dba J & D Enterprises, Plaintiff and Respondent,**

v.

**Paul J. COX, Cox Corporation, a Utah Corporation, Salt Lake County Treasurer, Joseph A. Mollerup, McGhie Land and Title Company, a Utah Corporation, Clive M. Maxwell dba C. M. Maxwell Electric Company, and Heber Towers Murray Plumbing Company, a Utah Corporation, Defendants and Appellants.**

No. 14395.

Supreme Court of Utah.

May 4, 1977.

---

**3.** Title 53, Chapter 51, U.C.A.1953 (1975 Pocket Supp.).

Byron L. Stubbs, Salt Lake City, for defendants and appellants.

David K. Smith, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

This case involves the validity of a mechanic's lien filed by the Plaintiff Dugger against the property of Defendants Cox Corporation and Paul J. Cox ("Cox" herein unless otherwise indicated).[1] Plaintiff's lien also included the amounts claimed in other liens filed by two subcontractors. Plaintiff claimed as part of the lien wages which he asserted were due to him from Cox for supervising the improvements on the property, pursuant to an alleged oral contract between plaintiff and Cox. In the alternative, plaintiff sought a personal judgment against Cox for the value of the wages he claimed were due. Cox counterclaimed for damages of $50,000, a sum allegedly representing loss of rents on the property by reason of plaintiff's unlawfully encumbering the property with an invalid lien. Cox also claimed $150,000 punitive damages.

In the District Court below judgment was entered foreclosing the liens filed against Cox's property. In addition, plaintiff was awarded attorney's fees and costs. The Cox property was sold at a sheriff's sale, the funds from which were insufficient to satisfy the judgment. Plaintiff was then

---

1. Counsel for Defendants Cox Corporation and Paul J. Cox does not dispute that *if* liability exists in this matter on plaintiff's claim it runs to both defendants.

awarded a personal money deficiency judgment for the remaining amount, together with costs of the sale and accumulated interest. Cox appeals from the judgment of the District Court, making numerous assignments of error, with which we will deal seriatum, filling in additional facts as necessary.

■ Defendant's first assignment of error is that there was insufficient evidence to support the District Court's finding that plaintiff was the agent for Cox. Utah Code Ann., Section 38–1–2 (Repl. Vol. 4B, 1974), provides:

> Whoever shall do work or furnish materials by contract, express or implied, with the owner, as in this chapter provided, shall be deemed an original contractor, and all other persons doing work or furnishing materials shall be deemed subcontractors.

Utah Code Ann., Section 38–1–3 (Repl. Vol. 4B, 1974), provides:

> Contractors, subcontractors and all persons performing any services or furnishing any materials used in the construction, alteration, or improvement of any building or structure or improvement to any premises in any manner; . . . shall have a lien upon the property upon or concerning which they have rendered service, performed labor or furnished materials, for the value of the service rendered, labor performed or materials furnished by each respectively, whether at the instance of the owner or of any other person acting by his authority *as agent, contractor or otherwise* . . . [Emphasis added.]

Under section 38–1–3, it is immaterial whether plaintiff was either Cox's agent or contractor. So long as it can be found that plaintiff performed the work at the instance of Cox under an express or implied contract (Sec. 38–1–2, *supra*) the lien is valid. There is ample evidence in the record to support that conclusion. The subcontractors who performed work at the instance of plaintiff are also, by the terms of section 38–1–3, *supra*, entitled to their liens. See *Sierra Nevada Lumber Co. v.*

*Whitmore*, 24 Utah 130, 66 P., 779, (1901). This analysis also covers Cox's assignment of error number four, which also rests on the argument of a lack of agency between plaintiff and Cox.

Cox argues that the lower court erred in declaring plaintiff's lien valid, because the lien covered excess property not benefited by the services and materials furnished by plaintiff. This assignment of error arises from a misreading of the pleadings and is without merit.

■ Next, Cox attacks the validity of plaintiff's lien on the ground that the dollar amount was excessive. This argument is without merit, in light of the fact that the amount of the lien judgment was very near to that claimed. Plaintiff cannot be rightly accused of taking advantage of defendant by asserting a false lien when that lien is substantially successful.

■ Cox also asserts that the District Court erred in declaring the lien valid because it commingled lienable and nonlienable items. Cox's argument has two major points: First, he argues that Dugger did not comply with the terms of the lien statute, in that Dugger did not perform any labor upon nor furnish materials to be used on the property, but merely arranged to have materials furnished. The record supports a finding, however, that Dugger's lien included sums which he had personally paid out for materials and labor, and claims made upon him by subcontractors and materialmen in connection with Cox's property. These facts will support a lien. Next, Cox argues that many of the items included in Dugger's lien are not lienable items. Some of those items as to which Cox claims error were correctly deducted from the lien; others fail to appear in the record from below, Cox claiming error for the first time on appeal. As to those remaining items, there is sufficient evidence in the record to show that Dugger's claimed expenses were all directly connected with the improvements on Cox's property and may be properly the subject of a lien.

Cox argues that the District Court erred when it failed to rule on his counterclaim. The record does not reflect a ruling. It is obvious however that the District Court ruled against Cox's counterclaim, since it was based on the theory of the illegality of plaintiff's claim. Said Court found the plaintiff's claim valid and could not have simultaneously ruled in favor of Cox's counterclaim.

Cox further asserts error below in the Court's issuing a lien judgment and a personal judgment simultaneously against Cox. It appears however, that there was never any independent personal judgment in effect until the deficiency judgment was rendered after the sheriff's sale of Cox's property. The Amended Judgment of the District Court provided:

> [T]he proceeds of any sale made under this foreclosure action and sale shall first be applied to the expenses of sale, and then to the amounts due to the Plaintiffs . . . as set forth hereinabove, and if the proceeds are insufficient to satisfy the sums owing, the Plaintiffs . . . shall have personal judgment against Paul Cox and Cox Corporation for the amount of any deficiency, and execution may issue against any other real, or any personal property by the Defendants, Paul Cox and Cox Corporation, to satisfy any such deficiency.

Thus, while the personal judgment and the lien judgment were rendered together, by the terms of the Amended Judgment, the personal judgment against Cox was to take effect only upon a deficiency after foreclosure of the lien. Thus, Cox's argument is without merit.

Finally, Cox contends that the Court's award of attorney's fees to plaintiff was error because of a lack of evidence submitted on the issue. Utah Code Ann., Section 38–1–18 (Repl. Vol. 4B, 1974), provides:

> In any action brought to enforce any lien under this chapter the successful party shall be entitled to recover a reasonable attorney's fee, to be fixed by the

court, which shall be taxed as costs in the action.

The only evidence presented by plaintiff on this point was his personal testimony that $3,000 was a reasonable amount for attorney's fees. Cox failed to object to testimony of plaintiff (not a lawyer) and failed to cross examine on this issue, and is in no position to raise the matter here for the first time.

Affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.