Neilson, Benton & O'Donnel v. The Iowa Eastern R. Co.

NEILSON, BENTON & O'DONNEL v. THE IOWA EASTERN R. CO.

1. **Mechanic's Lien:** CONTRACT. The contract required to authorize a mechanic's lien need not be express or in writing, but it may be oral or implied.

2. ———: ———: PAROL EVIDENCE. The fact that such a contract was in writing would not exclude parol evidence to show the purpose for which the materials included in the contract were used.

3. ———: FILING OF STATEMENT. The statement filed with the clerk is the limit of recovery only with respect to purchasers and incumbrancers.

4. ———: RAILROADS: ROLLING STOCK NOT REAL ESTATE. The rolling stock of a railroad does not constitute a part of its real estate, and a mechanic's lien upon the railroad would not embrace such property.

5. ———: PART ONLY OF MATERIAL USED. The fact that a part only of the material furnished is used will not prevent a lien attaching for the whole amount furnished.

6. ———: RAILROADS. A lien for materials furnished for the construction of a railroad embraces only the completed portion of the road, but the fact that the road, as projected when the materials were furnished, was not fully completed will not defeat the lien.

*Appeal from Clayton Circuit Court.*

TUESDAY, JUNE 3.

ACTION to enforce a mechanic's lien under an alleged contract made in 1872. The action was commenced in 1874. The petition and amendment thereto claim that the plaintiffs furnished to the defendant a large number of ties, which were used in the construction of defendant's road. A part thereof

were furnished under a written contract, and the residue under an oral contract. The cause was referred, and a finding made by the referee, upon which judgment was rendered for the plaintiffs, and defendant appeals.

The plaintiffs, since judgment was rendered in the Circuit Court, having been declared bankrupts, the assignee, Asahel Chapin, was made a party to the action in this court.

*J. O. Crosby, W. B. Fairfield, L. O. Hatch, Thos. Updegraff, S. Murdock, W. E. & H. A. Odell* and *E. H. Williams,* for appellant.

*L. Bullis,* for plaintiffs.

*Stoneman & Chapin,* for assignee.

SEEVERS, J.—I. It is insisted that the plaintiffs are not entitled to a lien because there was not an express contract that the ties were to be used in the construction of the road. That is to say, there must not only be a contract, but it must specify, or rather contain, a "covenant that said ties shall be used in the construction of the Iowa Eastern Railroad."

1. MECHANIC'S lien: contract.

To entitle the plaintiffs to a lien the ties must have been furnished "under or by virtue of a contract with the owner or proprietor." Revision, § 1846. It is not required by the statute that the contract should be express or in writing. It may, therefore, be implied. That the general term contract includes written, oral, express and implied contracts is undoubtedly true. The conclusion is, therefore, irresistible that all these classes of contracts are within the statute.

In *Cotes v. Shorey,* 8 Iowa, 416, it is said: "This contract need not be in writing, nor need it be proved by direct and positive evidence." See, also, *Jones v. Swan & Co.,* 21 Iowa, 181. The contract includes furnishing the materials and the use. The whole may be implied. It cannot be divided into parts, and one portion implied from the circumstances and

acts of the parties and the other not. If a contract is express it is clearly not implied. It must be one or the other. It cannot, ordinarily at least, be both. If the rule insisted on by appellant should be adopted a mechanic could not have a lien based on an implied contract. To so construe the statute would amount to judicial legislation.

It is, however, said our statute and those of Ohio and New York are identical, and that a construction has been adopted in those States in accord with the views of counsel for the appellant. *Choteau v. Thompson*, 2 Ohio St., 114, and *Hatch & Partridge v. Coleman*, 29 Barb., 201, are relied on. We have carefully read these cases, and in our opinion neither of them sustains the position of counsel. We cannot resist the conclusion that the former, as a whole, is in direct opposition to the claim made; and as to the latter it is sufficient to say if it were directly in point we should not be disposed to follow it. *Cotes v. Shorey*, before cited, and *Stockwell v. Carpenter*, 27 Iowa, 119, when carefully considered, will be found to sustain, in a degree at least, the views herein expressed.

II. Because there was a written contract it is insisted no evidence except the writing could be introduced to show the purpose for which the ties were furnished. It was held otherwise in *Donahue v. Cromastie et al.*, 21 Cal., 80; and in *Martin v. Eversall*, 36 Ill., 222, it is said: "And the materials being of that character that the work could not have progressed without them, it was reasonable to infer that they were furnished to be used on the premises." We are content with these cases, and deem it unnecessary to take either the time or space required to demonstrate their correctness or applicability to the case at bar.

2. ___: ___: parol evidence.

Evidence of the character indicated does not add to, vary or contradict the writing. 1 Greenleaf on Evidence, § 286; *Cousins v. Westcott*, 15 Iowa, 253; *Singer Sewing Machine Co. v. Holcomb*, 40 Id., 33.

In this connection we deem it proper to say that the finding of the referee is supported by the evidence.

III.    It is insisted the statement filed with the clerk is the foundation of, and limit to, the recovery.    This depends on the question whether, as against the defendant, it
3. ——: filing
of statement. was essential any statement should be so filed. The statute declares that a failure to file the statement shall not defeat the lien, except as against purchasers and incumbrancers (Revision, § 1851, as amended by chapter 111 of the Laws of 1862), and it was so ruled in *Kidd v. Wilson*, 23 Iowa, 464, and *Evans v. Tripp*, 35 Id., 371.

IV.    The petition states that the plaintiffs, in May, 1872, made with the defendant a "contract to furnish to said defendant ties to be used in the construction of a
4. ——: railroads: rolling
ing stock not railroad on the land and right of way of the said
real estate. defendant, to-wit: between the junction of the Iowa Eastern Railroad and the Milwaukee & St. Paul Railroad, in the township of Giard, in Clayton county, Iowa, at a place called Beulah, and a place near Elkader, in said county, to which said Iowa Eastern Railroad is completed."

It is also averred a lien statement had been filed. It is evident if it was not essential to the establishment of the lien that such a statement should have been filed. The question of a variance between the one filed and the petition would be immaterial.

The petition, it will be observed, asks that the lien be established "on the land and right of way." It also asked its establishment on the rolling stock. This was done. If the rolling stock was appurtenant to and constituted a part of the real estate it was unnecessary to ask that the lien be established thereon.

We have, then, for determination the question whether one who furnishes ties for the purpose of being used in the construction of a railroad can have a lien on the rolling stock. If it is real estate, or constitutes a part of the "building, erection or improvement," he has such lien; otherwise not.

The land, road-bed and right of way, and whatever is appurtenant thereto, are real estate, and constitute the "building, erection or improvement" contemplated by the statute.

Is the rolling stock appurtenant thereto in such sense as to make it a part of the real estate. This question has been frequently mooted and largely discussed. It is said there is not an entire accord in the authorities in reference thereto. It was considered by this court in *The City of Davenport v. The M. & M. R. Co.*, 16 Iowa, 348, and *The City of Dubuque v. The I. C. R. Co.*, 39 Id., 56. In the first case, Lowe, J., seems to have been of the opinion that rolling stock was a part of the road. The other justices expressed no opinion on this point. In the last case Beck and Day, JJ., expressed the opinion that the rolling stock of such corporations was personal property. No opinion in relation thereto was expressed by the other justices, one of whom was on the bench when the first case was determined. The question is, therefore, an open one in this State.

The leading cases in which it is said it has been determined that rolling stock is real estate, to which our attention has been called, are *Pennock v. Coe*, 23 How., 117; *Gee v. Tide Water Canal Co.*, 24 Id., 257; *Minnesota Co. v. St. Paul Co.*, 2 Wall., 609; *Railroad Co. v. James*, 6 Id., 750; *Scott v. C. & S. R. Co.*, 6 Bliss, 529; *Farmers' Loan and Trust Co. v. St. Joe R.*, 3 Dill., 412; and *Pierce v. Emery*, 32 N. H., 485.

No such question was determined in the case last cited. The only matter decided was as to the validity and effect of a mortgage on after-acquired property. This is evident from the subsequent case of the *B. C. & M. R. v. Gilmore*, 37 N. H., 410, which is an authority in favor of the proposition that rolling stock is personal property, and our attention has not been called to a single decision of a State court holding differently. We are not prepared to say, however, there are none.

It has been said: "Engines and cars are no more appendages of a railroad than are wagons and carriages of a high-

way. Both are equally essential to the enjoyment of the road; neither constitute a part of it." *State Treasurer v. Sommerville & Easton R.*, 28 N. J. L., 21. There is much force in the foregoing because the instances are not unfrequent where one corporation owns the road and franchise, and another the rolling stock.

In the late case of *Williamson v. New Jersey Southern R.*, 6 Central Law Journal, 381, a case we have not seen, the Court of Appeals of New Jersey is said, in an elaborate opinion, to have held that rolling stock was personal property and not real estate.

The cases above cited in the federal courts, it is said, were distinguished, as we think they well might be, on the grounds, if no other, that in some of them the only question involved was as to the power to execute, and the effect and validity of mortgages as to after acquired property. In one rolling stock had, by the statute of the State under the laws of which the corporation existed, been declared to be a fixture, and in another the property in controversy consisted of the houses, lots and locks of a canal company.

It has been determined in the following cases, in addition to those above cited, that rolling stock is personal property. *Randall v. Elwell*, 52 N. Y., 521; *Hoyle v. Plattsburgh R. Co.*, 54 Id., 314; *Chicago & N. W. R. v. The Borough of Fort Howard*, 21 Wis., 45; and *Coe v. Columbus R. Co.*, 10 Ohio St., 372. In *Hoyle v. Plattsburgh R.* it is said the "want of the element of localization in use is a controlling and conclusive reason why the character of realty should not be given to rolling stock of a railroad," and in this thought it must, we think, be admitted there is much force. How can it be said that a car belonging to a railroad in this State, when being propelled through the State of New York at the rate of twenty miles an hour, is real property in this State? The proposition to us seems absurd. In *The Ottumwa Woolen Mill Co. v. Hawley*, 44 Iowa, 57, we approved of the criterion adopted in *Teaff v. Hewitt*, 1 Ohio St., 511, that in determining

whether a given thing was real estate "the intention of the party making the annexation to make a permanent accession to the freehold" was a controlling consideration. Tested by this rule rolling stock cannot be regarded as real estate. The intention may be ascertained by the use, and common and universal custom and usage. It is well known that the cars of one road are in constant use on other roads. It was never intended otherwise. The demands of commerce and trade require it. It. was never intended they should be annexed permanently to the freehold. It may be safely assumed that all mortgages executed on railroads specially mention rolling stock as being included. Why is this done if it was regarded as real estate, or as appurtenant thereto? Why the labored efforts of counsel, sustained by the elaborate opinions of the highest court in the country, demonstrating that mortgages executed by such corporations were liens on after acquired rolling stock, if the same was appurtenant to the realty?

About an afterward erected station house there never was any doubt, because it is permanently annexed to the real estate, such being the intention. Not so, however, as to rolling stock; hence the strain to prove it was covered by mortgages previously executed. For the reason above stated, and because the decided weight of authority, as we believe, is in favor of the rule, we hold that rolling stock is not real estate, and that the plaintiffs are not entitled to the lien thereon. In this respect the court below erred.

V. The ties were delivered at the place designated in the contract. A portion thereof were not used. More were contracted for than were required to construct that portion of the road which was built; the corporation being unable, for want of means, as we understand, to construct any more than it did at that time. For the ties not used it is insisted the plaintiffs are not entitled to a lien.

The argument amounts to this: If a person contracts and furnishes a million of bricks for the purpose of erecting a

5. ——: part only used.

building, and the owner, for want of means to complete the whole, erects only a portion as originally intended, and uses only one-half of the bricks so furnished, the material man can only have a lien for the bricks actually used. Such cannot be the law. There is such an element of injustice and wrong in the proposition that nothing short of a positive statute would justify its adoption. All the material man has to do under the statute is to "furnish" the material for the designated use. This gives him a lien to the extent of the value of the materials furnished, if the building or any part of it is constructed. It is immaterial whether the materials are used or not. If this be not so the owner might sell the material furnished, and with the money obtained therefor purchase other materials, erect the building therewith, and thus defeat the lien. Such a proposition cannot, we think, be maintained, and it was so held in *Esslinger v. Huebner*, 22 Wis., 602.

VI. It is claimed the contract was to furnish ties for a contemplated road much longer than that on which the lien was claimed, and that the road is an entirety; therefore it is insisted, as the lien was only claimed on that constructed road, that no relief can be granted.

*6. ——: railroads.*

The evidence shows the work of construction ceased in 1872. The lien was claimed on all there was in sight; that is, the constructed road extending between the actual *termini*. The word "entirety," as applied to a railroad, means the tangible property. It does not include a projected or paper line which may never be built. This we think must be true as between the mechanic seeking a lien and the corporation.

Suppose a corporation is duly organized to construct a railroad three hundred miles long, employs engineers, and actually locates the line, but does nothing more. Could the engineer obtain a lien on such a line? We think not, because there is nothing tangible on which it could be based. It is neither real estate, a building, erection or improvement. But suppose

ten miles of such line or road is actually constructed, and the engineer should claim a lien on that part only, should his lien be rejected because he had claimed none on the projected or paper line? We think not.

The California statute provides that all persons "furnishing materials for, or employed in the construction of, any bridge, ditch, flume or aqueduct, shall have a lien upon the structure." Construing this statute in *Canal Co. v. Gordon,* 6 Wall., 561, it was held that where a portion of a canal had been completed and a contractor had constructed an extension thereof that he was not entitled to a lien on the whole, but only on the portion constructed by him. This case goes far beyond the requirements of the case at bar, and if it be law there can be no question but that the ruling of the court below is correct.

VII. In November, 1876, a motion was filed for a more specific statement. Several causes were assigned, some of which were obviated by the amendment to the petition. As to the residue, and the motion filed in December afterward, the same were properly overruled, as will, we think, sufficiently appear from the foregoing view. Having, as we believe, disposed of all matters presented by counsel, although some of them may not have been referred to in terms, the result is the judgment below must be

MODIFIED AND AFFIRMED.

(For opinion on rehearing see p. 714, *post.*)