LEE & JAMESON v. S. C. HOYT AND M. A. HOYT, Appellants.

| 101 | 101 |
|-----|-----|
| 105 | 5 |
| 105 | 651 |
| 101 | 101 |
| 117 | 95 |
| 101 | 101 |
| f126 | 455 |

**Mechanic's Lien:** SUBSEQUENT INCUMBRANCERS. McClain's Code, 3314, provides that failure to file lien statement within ninety days from date of last item, shall not defeat the lien except as to incumbrancers whose right *accrued* after the ninety days. *Held,* one who loans money to the owner before the ninety days have expired, and who takes deed as additional security after said time has expired, then knowing that material for which a lien might be filed had been furnished and not paid for, is not a subsequent incumbrancer within said statute, and does not have priority over one who files a lien statement for such material after the ninety days.

JUST AND TRUE STATEMENT. Plaintiffs having sold S material for a building on land, to which M held the legal title as security; their right to a lien was not, in the absence of intentional wrong, defeated because they claimed against both S and M.

USE OF MATERIAL. A materialman's lien cannot be defeated by evidence that the material furnished for the improvement was not actually used for that purpose.

**Appeal:** ISSUES BELOW: *Payment.* A contention in a suit to establish and foreclose a mechanic's lien, that certain credits were not properly applied on the purchase price of the material for which the lien is claimed, and that but a small amount, if anything, is due the plaintiff, is, in effect, a claim of payment, and cannot be considered on appeal, where no such issue was tendered by the pleadings.

*Appeal from Greene District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

MONDAY, FEBRUARY 1, 1897.

SUIT in equity to establish and foreclose a mechanic's lien. Trial to the court. Judgment and decree for plaintiff. Defendants appeal.—*Affirmed.*

*F. M. Powers* and *C. C. Nourse* for appellants.

*W. R. Lee* for appellees.

DEEMER, J.—The petition is in the ordinary form of such papers in suits of like character, and charges that plaintiffs made a contract with the defendants in which they agreed to furnish them with the material for the construction of a certain creamery building in the town of Churdan, in Greene county, Iowa. The defendants filed separate answers. M. A. Hoyt in effect denied the allegations of the petition, and further pleaded that that he held quit-claim deeds to the property upon which plaintiffs seek to establish their lien as security for a loan made by him to his co-defendant,—the deeds having been executed by Albert Head on the twenty-fourth day of June, 1891, and Marshall Kirkham on the twentieth day of February, 1893; and he asked that his title be decreed prior and superior to the plaintiffs'. Defendant S. C. Hoyt, in his answer denied the plaintiffs' note, and further stated that the amount he owed plaintiffs did not exceed the sum of three hundred dollars, and he further pleaded that plaintiffs did not file a true statement of their account as a basis for their lien, as by statute provided. In reply to the answer of M. A. Hoyt, the plaintiff averred that he (Hoyt) had full knowledge and notice of the purchase of the material; that he was present when the contract was made, and participated therein, and did not disclose to plaintiff that he was not the principal in the transaction; and that he is now estopped to deny the purchase. They further allege that the said defendant represented, at

the time of the purchase, that he was interested in the creamery business, and held himself out to be a member of the partnership which intended to build and operate the same, and that by reason thereof he is estopped from denying his liability to plaintiffs. They also pleaded that they had no knowledge, at the time they sold the material, that said defendant had or claimed a lien upon the premises in question, and that he withheld said matters from plaintiffs, and also delayed filing his deeds for record for the purpose of preventing plaintiffs from obtaining knowledge of the description of the land, and to cheat and defraud them of their lien. These were the issues on which the case was tried, and are the issues upon which the case must be decided in this court.

I. It is practically conceded that the plaintiffs sold and delivered to M. A. Hoyt and S. C. Hoyt, or to S. C. Hoyt individually, the lumber and building material for the construction of a creamery, ice house, residence, and horse shed in Greene county, Iowa. It is also conceded that the account was charged to S. C. Hoyt. It also appears, without dispute, that the creamery and ice house were built upon two contiguous tracts of land; one being on a part of the southwest quarter of the northwest quarter of section 21, and the other on a part of the northwest quarter of the southwest quarter of the same section. The dwelling house and shed was located on an entirely separate and distinct parcel of land. There is no claim that M. A. Hoyt is chargeable with the materials furnished for the residence and shed, and there is no attempt to establish a lien in this case for any part of the lumber so furnished. The prayer of plaintiffs is for judgment for the balance that remains due for material furnished for the creamery and ice house. This lumber and material was furnished between the third day of June, 1891, and the twenty-ninth day of January, 1892. It

was charged, as we have said, to defendant, S. C. Hoyt. On the seventeenth day of March, 1892, a balance was struck between plaintiffs and said Hoyt, and he (Hoyt) executed his note for the amount found due, to-wit, five hundred and sixty dollars and fifty-six cents, payable six months after date. Two statements for mechanics' liens were filed,—one on September 20, 1892, covering the land in the southwest quarter of the section, and the other on the third of March, 1893, which covered not only the land in the southwest quarter, but also that situated in the northwest quarter. The plaintiffs claim that defendant, M. A. Hoyt, was a party to the original contract for the sale of the material. This he denies, and he insists that he is entitled to priority over plaintiffs because he says that, about May 1, 1891, he made a contract with S. C. Hoyt, under and by virtue of which he advanced, from time to time, something over two thousand dollars, for the purpose of purchasing the machinery for the creamery which was erected upon the land in question; that, to secure the advances so made, it was agreed between him and S. C. Hoyt that the title to the land upon which the buildings were to be erected should be put in his (M. A. Hoyt's) name; that, pursuant to this agreement, he received the deeds before referred to, direct from the person who held the land when S. C. Hoyt purchased it, which deeds were recorded on the twenty-fourth day of June, 1891, and on the twenty-third day of February, 1893, respectively. On the twenty-fifth day of January, 1893, defendant S. C. Hoyt executed a quit-claim deed, covering all the creamery property, as well as the personal property situated thereon, to his co-defendant, and it is claimed that this deed was executed as further security for the advances made by him.

The first question of fact in this case is, whether or not the contract for the purchase of the lumber,

was a joint one, or the separate contract of the defendant, S. C. Hoyt. We are inclined to agree with the district court in its finding, that the contract was made with S. C. Hoyt, individually, and that plaintiffs are entitled to judgment against him for the amount of the note he gave in settlement of the account; and we also find, that plaintiffs are entitled to a foreclosure of their mechanic's lien as against both defendants. But the question remains, should this lien be decreed to be superior to defendant M. A. Hoyt's claim and lien upon the property? The original contract had reference to the ice house, as well as to the creamery, for it was intended to be a part of the creamery plant. The first items were furnished early in June, 1891. At this time M. A. Hoyt had made no advances to S. C. Hoyt, and did not do so until he had received the first deed from Head. S. C. Hoyt had contracted for the labor and material necessary to build the creamery before M. A. Hoyt loaned him any money, and, as we think, before he had entered into any binding obligation to do so. The last item of material was furnished on January 29, 1892. M. A. Hoyt received his first deed a few days after the first items of material were furnished, and his first deed to the other tract less than ninety days after the last item was furnished. If this were all there is in the case, there would be no doubt of the superiority of plaintiffs' lien. The defendant M. A. Hoyt contends, however, that he did not get title to the land, or acquire an absolute lien thereon, until the execution of a second deed from Kirkham for a part of the real estate, and the delivery of the quitclaim deed from S. C. Hoyt; that both of these instruments were executed more than ninety days after the date of the last item of plaintiffs' account was furnished; and that plaintiffs' lien is junior and inferior to his. The difficulty with this contention is, that the evidence

shows, without conflict, that defendant M. A. Hoyt knew, when he advanced the money, and when he took these subsequent conveyances, that plaintiffs had furnished the materials for the creamery plant, and that they had not been paid therefor. McClain's Code, section 3314, provides, in substance, that a contractor who desires to avail himself of the mechanic's lien law, must, within ninety days from the date when the last of the materials are furnished, file with the clerk of the court a just and true statement of the account or demand due him. The same section also contains this provision: "But a failure or omission to file the same within the periods last aforesaid, shall not defeat the lien, except against purchasers or incumbrancers in good faith without notice, whose rights accrued after the * * * ninety days * * * and before any claim for a lien was filed." Now, there are several all-sufficient answers to defendant's claim. In the first place, his rights did not accrue after the ninety days. He had furnished the money before the last-named deeds were executed, and they were made simply as additiona' security,—the first one in pursuance of an agreement contained in the original Kirkham deed, which was executed on February 24, 1892, and the second as a precautionary measure to protect his security. Again, this defendant had actual notice, at the time he took these conveyances, that plaintiffs had furnished the materials, and that they had not been paid for. By the express terms of the statute, he cannot rely upon plaintiffs' neglect to file their statement for a lien. It also appears, as we have already said, that at the time defendant took these last-mentioned deeds, plaintiffs had filed their statement for a lien. But it further appears that this statement claimed a lien upon part of the real estate, to-wit, that covered by the Head deed. Afterwards, however, and on the third day of March, 1893, plaintiffs

filed an amended and an additional statement for a lien, covering the Kirkham land, in which they stated that said land was omitted from the first statement by mistake, and that this statement was made to supply the omission. We need not determine whether, under these circumstances, the plaintiffs would be entitled to priority, had .he defendant, Hoyt, had no knowledge, or notice, of the plaintiffs' right to a lien; for it is practically conceded that he had such notice, not only at the time he made the advances to S. C. Hoyt, but at the time he took the various deeds as security for his loans, and under the rule announced in *Lumber Co. v. Bowman*, 77 Iowa, 709 (42 N. W. Rep. 557), as well as by the express terms of the statute quoted, plaintiffs are entitled to priority.

II. It is said in argument that plaintiffs are not entitled to priority for the materials furnished for the ice house. We have already seen that the ice house was part of the creamery plant, and that the material for the entire structure was furnished under one contract.

III. Defendants introduced evidence to show that some of the lumber included in the statement did not go into the improvement. It clearly appears, however, that all items charged to defendant S. C. Hoyt were for lumber sold and delivered for that purpose, and it is not competent for the parties to show that it was not so used. *Neilson, Benton & O'Donnel v. Iowa Eastern Railway Co.*, 51 Iowa, 184 (1 N. W. Rep. 434).

IV. It is also contended that certain credits were not properly applied, and that but a small sum, if anything, is due plaintiffs. This is, in effect, a claim of payment. No such issue is tendered by the pleadings, and we need not pursue the question further.

V.   It is also said that plaintiffs did not file a just and true account of their claim, and that the case falls within the doctrine announced in *Stubbs v. Railway Co.*, 65 Iowa, 513 (22 N. W. Rep. 654).   We do not think so.   It is more nearly like the case of *Green Bay Lumber Co. v. Miller*, 98 Iowa, 468 (62 N. W. Rep. 742), and cases there cited.   There is no evidence of any intentional wrong, and no sufficient reason for imputing an attempt at fraud.   The credits which defendants now say should have been allowed upon the account were fully agreed to by S. C. Hoyt, and the items charged were unquestionably delivered for the purpose of building the creamery plant.   It will not do to say that plaintiffs should, under the circumstances disclosed by this record, be defeated. of their lien because they claimed it against both defendants.   The title to the real estate was in M. A. Hoyt, and, in order to give notice to persons dealing with the property, it was necessary to file their lien against him, as well as against his co-defendant.   Moreover, the issue we are now considering was not tendered by M. A. Hoyt.   It was made by S. C. Hoyt, but he practically confirmed the account by giving his note in settlement.

Some other questions are discussed by counsel, but, as we have considered all the controlling points, we will not further extend this opinion by a decision of minor issues not involving the merits.   The decree of the district court declaring the plaintiffs' lien prior and superior to the lien of M. A. Hoyt, and rendering judgment for the amount of the claim against S. C. Hoyt, is AFFIRMED.