THE FRUDDEN LUMBER COMPANY Appellant, v. H. A. KINNAN, *et al.*

117    93
f126  454
126   455

Mechanic's Lien: FURNISHING AND NOT USE CREATE. Under Code, section 3089, which provides that every person who shall furnish any materials for any building shall have a lien, etc., it is the furnishing the material which entitles the party to the lien, and its actual use need not be shown.

EVIDENCE. The drayman did not know where the material came from which he hauled for an absconded contractor. The evidence showed that the manufacturer had shipped the material to the contractor, on behalf of the local dealer, and that similar material went into the house. It was not contended that it was bought elsewhere. *Held*, that the evidence was sufficient to establish the local dealer's lien for such material.

PAYMENT OF OTHER CLAIMS;   *Effect on lien.*   After the contractor absconded, the dealer filed a lien for his claim.   The owner, after notice, still had enough of the contract funds to pay the dealer, but paid other claims, for which no liens had been filed.   *Held,* that the dealer's lien for material furnished was good.

*Appeal from Marshall District Court.*—HON. OBED CAS-
WELL, Judge.

SATURDAY, MAY 17, 1902.

ACTION in equity to foreclose a mechanic's lien. Judgment for the defendants, from which the plaintiff appeals.—
MODIFIED and AFFIRMED.

*Boardman, Aldrich & Lawrence* for appellant.

*F. E. Northop* for appellees.

SHERWIN, J.—One Jones was the principal contractor for the building of a house for the defendants. The plaintiff was a lumber company, which took orders for and sold mill work manufactured by others. Jones and one Stubbs, a salesman for Carr, Adams & Co., figured the mill work required for the defendant's house according to the architect's plans and specifications, and the same was ordered by Jones of Carr, Adams & Co. at the agreed price of $218. There is a controversy as to whether the goods were sold and furnished to Jones by Carr, Adams & Co. or by the plaintiff, but we think the evidence fairly shows that the understanding between Stubbs, the plaintiff's agent, and Jones, was that the plaintiff was to and did furnish this mill work, and that Jones was to pay it therefor. It seems to have been the general course of dealing for the manufacturers' traveling salesmen to figure on these mill-work jobs for the local dealers, and that no sales were made to others than the dealers and, while the goods were consigned

and shipped directly to the contractor or sub-contractor, as the case might be, they were charged to the local lumber dealers and paid for by them; and such was the instant case. The statute provides that every person who shall "furnish any materials * * * for any building" shall have a lien, etc. Code, section 3089. It is the furnishing of material for a building which entitles the party to a lien and its actual use in the construction thereof need not be shown. *Neilson, Benton & O'Donnell v. Iowa E. R. Co.*, 51 Iowa, 184; *Lee v. Hoyt*, 101 Iowa, 101. It is difficult to determine just how much of the order given by Jones to Stubbs was in fact delivered. It can be safely said, however, that a part, at least, of the mill work so ordered was delivered and actually used in the defendant's house; for, while Jones had absconded, and the drayman did not know where the material came from which he hauled for Jones, it appears that Carr, Adams & Co. shipped the bill in separate lots to Jones, and that similar material went into the house, which it is not contended was bought elsewhere. When Jones abandoned his contract, the defendants had paid him but a small part of the amount which would have been due upon the completion of the house, and it is conceded that they had the right to complete the work according to the contract with Jones before any liability would attach for the plaintiff's claim. The plaintiff's lien was the first, and, so far as the record shows the only one filed and it is conclusively shown that the defendants after due notice thereof still held in their hands money enough out of the contract price to complete the building and to pay the plaintiff's claim and that disregarding this claim altogether they proceeded to pay and did pay a large amount of indebtedness contracted by Jones for the building. This they had no right to do. In view of the uncertainty as to the delivery of the whole bill to Jones we reach the conclusion that the plaintiff is en-

titled to judgment for the sum of $134.79 with interest thereon at 6 per cent. per annum from October 30, 1899, and that its lien be established as prayed.—MODIFIED and AFFIRMED.