HOBSON BROS., Appellants, v. JOSEPH H. TOWNSEND, ET AL.

**Mechanic's liens:** ESSENTIALS: FURNISHING MATERIAL.  For a materialman to avail himself of the subcontractor's lien, he must have actually furnished the material for the particular building upon which the lien is claimed, independent of representations of the contractor; but it is not essential that the materials furnished were actually used in the building.

*Appeal from Monroe District Court.—* HON. ROBT. SLOAN, Judge.

TUESDAY, FEBRUARY 7, 1905.

ACTION to foreclose mechanic's lien.    There was a judg-
ment against the contractor for the amount claimed, but the
petition as against the owners was dismissed.    The plaintiffs
appeal.—*Affirmed.*

*J. F. Abegglen,* for appellants.

*Clarkson & Bates,* for appellees.

LADD, J.— The contract for the erection of the house
was entered into May 25, 1901.    The house was completed
June 28th, and accepted by the owner on the following day.
The balance due the contractor was paid July 6th.    A me-
chanic's lien was filed by plaintiffs, who furnished materials
to the contractor, August 15th.    It will be observed that
this was more than 30 days subsequent to the completion of
the house, and the evidence fails to show that the owner had
or was charged with notice of the nonpayment of the ma-
terialmen by the contractor.    The contention is that, not-
withstanding the house was completed as stated, the plain-
tiffs furnished the contractor lumber on the 16th day of July,
which he represented was for this particular house, and
therefore that the 30 days from furnishing the last item,
within which the subcontractor must serve written notice on
the owner, had not elapsed.    See section 3093, Code.    What-
ever the contractor may have represented, the lumber sold
him on July 16th was not furnished for this building.    The
statute provides that " every person who shall    *    *    *
furnish any materials    *    *    *    for any building " is en-
titled to a lien.    Section 3089, Code.    Two things are essen-
tial before one may avail himself of the benefits of this stat-
ute:    (1) Materials must be furnished; and (2) for the
particular building.    It is not necessary that they be actually
used in the building.    *Frudden Lumber Co. v. Kinnan,* 117

Iowa, 93; *Lee v. Hoyt,* 101 Iowa, 101; *Neilson, Benton & O'Donnell v. Iowa E. N. Co.,* 51 Iowa, 184.   It is necessary that they be actually furnished for that purpose.   What the materialman supposes is not controlling.   Nor is the owner entirely at the mercy of the contractor.   If the latter, through deception, obtains material ostensibly for one building, when it is in fact for another, the owner of the former is not liable, for that it was not furnished for his building. While the materialman may have supposed that the object, it was not such in fact.   In other words, the onus is upon the subcontractor, before he can avail himself of the benefits of this statute, to show that the goods sold were actually for the improvement against which the lien is claimed.   If for some other, the subcontractor, rather than the owner of the improvement, being made without fault, should suffer the loss, if any.   There is no ground for charging the owner with the consequences of fraud perpetrated by the contractor on the materialman.   The rule is well settled that, where one of two innocent persons must bear a loss, the one least at fault is shielded, and the burden cast upon the other.   Here the owner had no connection with the transaction.   The house had been completed, and was occupied by a tenant. He did not have the slightest reason to anticipate that anything more would be purchased for it by the contractor, while slight inquiry by plaintiffs would have elicited the information that nothing more was required.   The subcontractors, not the owner, suffered themselves to be deceived; and, as this was without fault of the owner, they, and not he, should suffer the loss.   There is nothing in appellants' suggestion that the point decided was not raised by the answer.   The petition alleged that the materials itemized were furnished for defendants' building.   The general denial put this in issue.   Because of failure to prove the allegation upon which prayer for recovery was predicated, relief was properly denied.— *Affirmed.*