IN RE ESTATE OF DAVID ROBINSON, deceased.

ALVA D. HUMPHREYS, appellant, v. ALFRED M. PABST, as administrator with the Will Annexed, appellee.

No. 50416.

OCTOBER 17, 1961.

Life, Davis & Life, of Oskaloosa, Harry deReus of Knox-ville, and Hugh Lundy, of Albia, for appellant.

Pabst & Jenkins, of Albia, for appellee.

THOMPSON, J.—Plaintiff's claim against the estate of David Robinson was in the amount of $2320. It was based on services alleged to have been rendered to decedent in making trips to Albia and other places for him, over a period extending from 1950 into 1957. The defendant as administrator with the will annexed of decedent's estate denied the claim, and the matter proceeded to trial before a jury. The plaintiff was the sole witness for himself. At the close of his evidence the trial court directed a verdict for the defendant, and judgment was entered accordingly. From this plaintiff appeals.

I. Plaintiff assigns but one error. We set it out: "The Trial Court erred in sustaining Motion for Directed Verdict against claimant, for the reason that claimant was a competent witness to establish his books of account, that he did so by his testimony and said books of account being properly proven made a case to be submitted to the jury on the claim filed by claimant."

An examination of the record indicates that the trial court was clearly right in its ruling. Plaintiff was of course hampered in proving his case by section 622.4 of the Code of 1958, well known as the Dead Man Statute. He attempted to meet this handicap by introducing into evidence what his counsel consider a book, or books, of account. As set out in the record, this shows items extending over the years from 1950 to 1957; and the plaintiff testified that the entries were made at the time of the services rendered. Some are in his handwriting and some in that of his daughter, which he identified. In Exhibit P 2, which covers the years 1950 through 1952, the items generally are set out in this fashion: "Feb. 4, 1950, 2 gal. gas, Blakes-burg." Other entries bear the heading "trips for Robison" or sometimes "trips for Robisons". But each follows with a state-ment of a certain number of gallons of gas and the name of the place to which the trip was made. Exhibit P 1, which shows the items claimed for the years 1953 to June 30, 1957, the final

date, states some of the entries in the same manner; that is, the date, some gallons of gas; and the place. Other entries in this exhibit contain only the date and the place to which the trip was made. In neither exhibit is there any dollar charge made; but at the end of the exhibits there is a summary showing "1950 96 trips $3 a trip $288.00"; and similar summaries for the succeeding years. It is evident, however, that these summaries were inadmissible, and the plaintiff does not claim their competency. They were not made at the time of the services but of course long afterward; a summary could not well be otherwise. Section 622.28, subsection 3, requires that charges be made at or near the time of the transactions therein entered, unless satisfactory reasons appear for not making such proof. No such reasons appear here. We set out the entire statute:

"622.28 Books of account—when admissible. Books of account containing charges by one party against the other, made in the ordinary course of business, are receivable in evidence only under the following circumstances, subject to all just exceptions as to their credibility:

"1. They must show a continuous dealing with persons generally, or several items of charge at different times against the other party in the same book or set of books.

"2. It must be shown by the party's oath, or otherwise, that they are his books of original entries.

"3. It must be shown in like manner that the charges were made at or near the time of the transactions therein entered, unless satisfactory reasons appear for not making such proof.

"4. The charges must also be verified by the party or clerk who made the entries, to the effect that they believe them just and true, or a sufficient reason must be given why such verification is not made."

We have then as the claimed books of account only certain dates with sometimes notations of a number of gallons of gas and the name of a city or town. Also some of the record shows the trips made for "Robison" and at other times for "Robisons", as we have pointed out above. The defendant in an answer and denial of claim alleged that there were three Robinson brothers, one of whom was the decedent, and a sister living on the farm

during the early part of the 1950 decade. They died at intervals until the death of the decedent in 1958 removed the last of them. The plaintiff admits this situation in his reply. At the commencement of the itemized account offered by plaintiff is this statement: "Agreement January 28, 1950 to take Robinson to town as long as the [they?] live they was to leave money to buy me the first car or next car sold in *a*lbia." The use of the word "they" in this manner, and of the plural in many of the claimed charges in the account throws considerable doubt whether the plaintiff did not in fact claim dealings with all the Robinsons or, possibly, with some of them other than decedent. Also there is the statement that "they", presumably the Robinsons, were to leave money to buy him a car and no other charge appears to have been contemplated for any services rendered.

In any event, the offered memoranda fail to rise to the dignity of a book of account as required by section 622.28, supra. There is no actual charge against the decedent; merely a list of dates, amounts of gasoline in gallons, and places to which it is claimed trips were made. In Shea v. Biddle Implement Co., 188 Iowa 952, 956, 176 N.W. 948, 949, we said: "It will be noted, also, that section 4623 [now section 622.28, supra] has reference to entries of 'charges'. No prices were entered and no 'charges' actually made upon the memorandum slips." "Charge", as applied to an account for merchandise or services as required by section 622.28 concerning admissibility of books of original entry in evidence is defined by Webster's New International Dictionary as meaning: "To make a charge; to demand or set a price; to make a debit; as, to charge high for goods." Without holding that there can under no circumstances be a charge which is not in terms of money, we think there must be something more definite than is shown here to make the confused and uncertain statements offered by the plaintiff admissible as a book of original entries. At best, they appear to be no more than memoranda; made, apparently, in connection with an unprovable contract by which plaintiff was to be given money to buy a car in return for transporting not only the plaintiff but his brothers and sister. Nor, if we should say that a "charge" may be made in terms other than dollars and cents, could it be determined whether

the intent here was to charge for gasoline used or for the trips in which, presumably, it was consumed.

We said in In re Estate of Cummins, 226 Iowa 1207, 1210, 286 N.W. 409, 410: "The book is not the usual type of book of accounts in any sense of the word. It is even less so than that referred to by this court in the case of Mitchell v. Beck, 178 Iowa 786, 801, 156 N.W. 428, 160 N.W. 232." In Mitchell v. Beck, supra, we held that certain items claimed to constitute a book of account sufficient to meet the requirements of section 622.28 were no more than memoranda. The items, or many of them, are set out in the opinion, at pages 801 to 805 inclusive of 178 Iowa, pages 434, 435 of 156 N.W. A comparison of these with the showing made by plaintiff's claimed book of account in the instant case indicates a strong similarity between the two cases and strengthens our conclusion that the offered account here was no more than a collection of memoranda, made for an uncertain purpose but not intended as a book of original entry.

The ruling of the trial court which excluded the claimed books of account was right. This is true because first, they were no more than memoranda, and so far as they are intelligible at all pertain to an agreement to leave money for the plaintiff to purchase an automobile; and second, because the entries, even if they could be considered to be charges, do not appear to relate to the decedent. Only the name "Robinson" appears at the heading; it is admitted there were four Robinsons living together, and many of the entries refer to them in the plural, as "Robisons". No attempt was made to explain this. The plaintiff's claim was not based on any failure of the stated agreement by the Robinsons to buy him a car—a contract which he did not attempt to prove by any evidence—but upon what seems to be quantum meruit for services rendered. Since the plaintiff was the only witness for himself and his alleged books of account were properly excluded there was nothing to submit to the jury, and a verdict was properly directed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.