SAMUEL R. BINGHAM, appellee, v. ESTELLA BLUNK and DONALD BLUNK, d/b/a J. C. BLUNK CONSTRUCTION COMPANY, et al., appellants.

No. 50657.

JULY 24, 1962.

Life, Davis & Life, of Oskaloosa, for appellants.

Goeldner & Goeldner, of Sigourney, for appellee.

SNELL, J.—This is an action in equity to establish an account for machine rental and to have the account paid from

public improvement funds held by defendant City of Centerville. The real issue is between plaintiff and J. C. Blunk Construction Company, prime contractor on a street improvement project.

In April 1955 the City of Centerville contracted with Estella Blunk and Donald Blunk, a copartnership, d/b/a J. C. Blunk Construction Company, to furnish specified materials and work for a street improvement project. The contract with the city has been performed and is not in issue here. From the contract price the city has retained money in double the amount of filed claims. Otherwise the contract price has been paid. The work was accepted by the city on June 5, 1956. On June 13, 1956, Samuel R. Bingham, plaintiff herein, filed with the city his verified notice of claim for service and material furnished on public improvement, pursuant to the provisions of chapter 573, Code of Iowa. This action in equity is brought pursuant to chapter 573, Code of Iowa, to adjudicate the rights of the parties to the funds retained by the city. J. C. Blunk Construction Company denies plaintiff's claim.

J. C. Blunk Construction Company sublet the work to William Seddon, d/b/a Seddon Construction Company. Plaintiff and Seddon agree that plaintiff was hired to do certain work for which he has been paid and also that Seddon "hired" a backhoe belonging to plaintiff at an agreed rental of $8.00 per hour. They agree that the machine was actually used 332¼ hours at the agreed rental, totaling $2658, with a credit due Seddon of $142.61 for gasoline furnished by Seddon. They agree that plaintiff's claim for machine rental has not been paid.

Seddon testified that he was "boss" and supervised the work and directed Bingham "as to when and where he would use the backhoe." When asked how he verified the number of hours the backhoe was used, he answered, "Well, I was there so I knew." He testified that during the week or at various times plaintiff would present his statement showing the amount of work his backhoe had done.

An itemized statement on four sheets of paper stapled together shows the dates, hours, charges, credits, subtotals and balance due on plaintiff's claim. It bears the signature of "Seddon Const. Co. Wm Seddon". Seddon testified that he

verified the number of hours and amount of pay that was due for the use of the backhoe and that the number of hours, rate of pay, credits and amount due were found to be correct. This statement, exhibit P-7, was identified by plaintiff as prepared from his daily time record. It was offered and received in evidence. The amount shown due on this exhibit is the same as the amount claimed in the notice of claims filed with the city.

Two small pocket notebooks about two and one-half by four inches in size were identified by plaintiff as his daily time records while working on the Centerville job. He testified they are original day-to-day records prepared each day as he went along. In addition to the notations about the use of the back-hoe, the notebooks show some other writing, records, "scribbling" and computations. These books, identified as exhibits P-8 and P-9, were offered and received in evidence.

The admission into evidence of exhibits P-7, P-8 and P-9 met strenuous objection by defendants and is the basis of this appeal. As to these exhibits the trial court commented in a written opinion:

"It must be conceded that they were not kept in the best form. Mr. Bingham is probably a better dirt mover than he is a bookkeeper. However, courts have been reasonably liberal in the admission of such writings, and I conclude the three exhibits may be properly admitted in this case.

"The three exhibits taken together with the testimony of plaintiff and Mr. Seddon satisfactorily establishes the number of hours the backhoe was in use and the agreed price per hour. The price per hour does not appear to be unreasonable.

"I have not found any error in plaintiff's figures. * * *."

The trial court found for plaintiff and established a lien in the amount claimed and directed the city to pay from the funds withheld under its contract.

Defendants Blunk appeal and urge three propositions for reversal:

"PROPOSITION No. 1

"Did plaintiff by his own testimony and his offered book of account prove his book of account sufficiently to meet the requirements of Section 622.28?

"PROPOSITION No. 2

"Did the evidence presented by the plaintiff qualify his alleged book of account so that it could be properly received in evidence in accordance with the provisions of Section 622.28 of the Code of Iowa?

"PROPOSITION No. 3

"Could the books of account offered by the plaintiff be received in evidence, such books failing to comply with the requirements of Section 622.28 and thereby serve as sufficient proof to sustain a judgment thereon?"

The three propositions are argued together and will be so considered.

 This action is in equity and triable de novo in this court, but we give weight to the trial court's decision. Citations unnecessary.

Each of appellants' propositions is bottomed on section 622.28, Code of Iowa. Appellants cite, quote and argue from the statute as it appeared in the 1958 Code. This case was submitted and decided in the trial court in October 1961. Formal decree was entered on November 2, 1961. Section 622.28, 1958 Code of Iowa, upon which defendants-appellants rely, was repealed and a substitute enacted by chapter 288, Laws of the Fifty-ninth General Assembly, effective July 4, 1961. The substitute in effect at the time of trial now appears as section 622.28, 1962 Code of Iowa.

The statute is as follows:

"622.28 Writing or record—when admissible—absence of record—effect. Any writing or record, whether in the form of an entry in a book, or otherwise, including electronic means and interpretations thereof, offered as memoranda or records of acts, conditions or events to prove the facts stated therein, shall be admissible as evidence if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness,

and if the judge finds that they are not excludable as evidence because of any rule of admissibility of evidence other than the hearsay rule.

"Evidence of the absence of a memorandum or record from the memoranda or records of a business of an asserted act, event or condition, shall be admissible as evidence to prove the non-occurrence of the act or event, or the nonexistence of the condition, if the judge finds that it was in the regular course of that business to make such memoranda of all such acts, events or conditions at the time thereof or within a reasonable time thereafter, and to preserve them.

"The term business, as used in this section, includes business, profession, occupation, and calling of every kind."

██ ██ The rules governing the admission of written memoranda or records are procedural. The admissibility of plaintiff's records was governed by the provisions of the quoted statute, now section 622.28, Code of 1962, and not by the repealed statute appearing in the Code of 1958. Bascom v. District Court of Cerro Gordo County, 231 Iowa 360, 1 N.W.2d 220; Grant v. Norris, 249 Iowa 236, loc. cit. 247, 85 N.W.2d 261.

Plaintiff's claim is for use of equipment in 1955 on a public improvement. The statutes then in force are found in the Code of 1954. Then, and now, chapter 573 of the Code related to "Labor and Material on Public Improvements." Section 573.1 (4) provides that the word "material" includes equipment. Section 573.7 provides that "Any person * * * who has, under a contract * * * with subcontractors, * * * furnished material, * * * in the construction of a public improvement, may file, with the officer, board, or commission authorized by law to let contracts for such improvement, an itemized, sworn, written statement of the claim for * * * material * * *."

The statutes provide for an action in equity to adjudicate all claims.

Under the statutes plaintiff was required to prove his contract with Seddon, who was a subcontractor, the furnishing of equipment for a public improvement, the filing of his claim and the amount and nonpayment thereof. These things he did by

his own testimony, the testimony of Seddon, his "boss", and by written records.

It was necessary for plaintiff to prove his account against Seddon. As against Seddon the itemized statement, exhibit P-7, was admissible. Seddon testified that he had verified it and found it correct. He had signed it. It was not a book of original entry but it was, together with the oral testimony, an admission against interest and an account stated. It was admissible for the purpose of showing the employer's approval of the claim and the items therein. Defendants Blunk, as the prime contractor, can contest the correctness of the claim but cannot prevent the receipt of evidence identified as correct by the subcontractor who incurred the obligation. The purpose of the inquiry provided by statute is to determine the validity of claims filed. In the absence of fraud or collusion, and there is no such evidence here, there is no better evidence than the testimony of the claimant speaking from actual knowledge and identifying written records and compilations therefrom examined and admitted as correct by the man against whom they were prepared.

Exhibit P-7 was objected to as not an original record and not meeting the requirements of the statute. The exhibit was not vulnerable to the objection as made.

While not specifically citing chapter 288, Laws of the Fifty-ninth General Assembly, now section 622.28, 1962 Code of Iowa, it is apparent that the trial court found that the notebooks, exhibits P-8 and P-9, were properly identified for admission thereunder. We agree. According to uncontradicted testimony, the entries were made in the regular course of plaintiff's business at or about the time of the event recorded. The source of information from which made and the circumstances of their preparation were such as to indicate their trustworthiness. Upon inquiry by the trial court, plaintiff testified that he made the entries in exhibits P-8 and P-9 at the end of each day and that they were correct.

Exhibits P-8 and P-9 were objected to as incompetent, irrelevant and immaterial and as barred and not in compliance with section 622.28 of the Code. If the objection was based on the statute as it appeared in the Code of 1958, there was no such section at the time of trial. The books were not barred by the

1961 statute. In admitting the exhibits the trial court found compliance with the statute. This was a proper judicial function. We find no error.

Authorities relied on by appellants are clearly distinguishable. Here we have no question of the dead man statute, lack of identification or supporting evidence. Appellants rely, among other cases, on In re Estate of Robinson, 253 Iowa 82, 111 N.W. 2d 275. The cited case does not support appellants' position. There the plaintiff was the sole witness for himself. He was hampered by the dead man statute. The books, so far as intelligible, pertained to an agreement not sued on, and the entries did not appear to relate to the decedent. There was no attempt in the evidence to relate the charges to decedent rather than to other members of his family. There was no evidence nor circumstance, such as we have here, to make either the entries or summary admissible.

Other defensive matters urged in the trial court failed for lack of evidentiary support and have not been urged on appeal.

The case is—Affirmed.

All JUSTICES concur.