MOFFITT BUILDING MATERIAL COMPANY, appellee, v. U. S. LUM-
BER AND SUPPLY COMPANY et al., appellants.

No. 51038.

(Reported in 124 N.W.2d 134)

OCTOBER 15, 1963.

Life, Davis & Life, by H. S. Life, of Oskaloosa, for appellants Ellen M. Plants and Leslie C. Plants.

Neiman, Neiman & Stone, by James Spellman, of Des Moines, and Crookham & Crookham, by Lake E. Crookham, of Oskaloosa, for appellee.

No appearance for U. S. Lumber and Supply Company.

SNELL, J.—This is an action in equity to enforce a mechanic's lien for materials furnished by plaintiff to a contractor for improvement of defendant owners' house. Defendant contractor did not defend and permitted judgment by default. Defendant owners offered no evidence. Defendants relied on claimed weakness in plaintiff's proof and the anguished cry in oral argument "we wuz robbed." Just how they have been wronged does not appear in the record but from the fact that they are defending this action we assume they have a complaint against someone.

Plaintiff, Moffitt Building Material Company, is an Iowa Corporation. U. S. Lumber and Supply Company, referred to

herein as the contractor, is an Iowa Corporation apparently now defunct and insolvent.

Defendants, Plants, are the owners of a home upon real estate in Oskaloosa, Iowa. We will refer to them as the owners.

Leslie C. Plants, one of the defendant owners, was called as a witness by plaintiff. He testified that in December 1960 he had improvements made on his home under a contract with U. S. Lumber and Supply Company. By the contract the contractor was to furnish labor and material and install tan Insel Plastic siding on his house for an agreed price. He testified that the contractor fulfilled the contract and that the work was completed in December 1960. He testified that he had no knowledge as to where the materials were purchased.

While not determinative of the issues in this case the record is silent as to any payment by the owners to the contractor. On January 28, 1961, well within the 60 days provided by section 572.9, Code of Iowa, for the filing of subcontractor's liens, plaintiff filed a mechanic's lien for material furnished for the improvement. Action to foreclose was begun in July 1961.

There is no issue as to identity of parties, ownership of the property, agency between Leslie C. Plants and Ellen M. Plants, terms or completion of the contract or proper and timely filing of plaintiff's lien. The only issues are the admissibility of plaintiff's testimony and exhibits and the furnishing of material by plaintiff for the improvement.

I. H. L. Moffitt, president of plaintiff-company, was called as a witness. He testified that he had knowledge and supervision of the books and records of his company. He identified Exhibits 1, 2 and 3, hereinafter referred to, as original records of plaintiff made in the regular course of business at or about the time of the transaction shown thereon. He identified the records as showing the sale and delivery of materials. He identified the signature of Glen Dodds appearing on Exhibits 1, 2 and 3 as the signature of an employee of defendant contractor and the person "who picked up the material." He testified as to the balance due and unpaid for the materials shown on the exhibits and that the prices charged were the fair market prices in the area in which sold. He had been in the building and supply business

since 1934. He was familiar with materials and prices. After the dates of the invoices, Exhibits 1, 2 and 3, he observed the home of defendants Plants. He found material of the same type as listed, identical siding in an amount practically the same as shown on the invoices and the same color.

Exhibits 1, 2 and 3 were received in evidence.

Practically all of the testimony and the admission of exhibits was vigorously objected to by the owners.

II. The rules governing the admission of written memoranda or records are procedural. The law in effect at the time of trial controls. Bingham v. Blunk, 253 Iowa 1391, 1395, 1396, 116 N.W.2d 447.

Section 622.28, Code of 1962, became effective July 4, 1961. Most of our pronouncements on books, records and open accounts antedate our present statute and were decided under rules now superseded.

The pertinent part of the statute now reads:

"Any writing or record, whether in the form of an entry in a book, or otherwise, including electronic means and interpretations thereof, offered as memoranda or records of acts, conditions or events to prove the facts stated therein, shall be admissible as evidence if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness, and if the judge finds that they are not excludable as evidence because of any rule of admissibility of evidence other than the hearsay rule."

In the case before us the president of plaintiff-company testified to facts sufficient for the trial judge to find that the records were made in the regular course of business at or about the time of the act recorded, and that the sources of information indicated trustworthiness and that the exhibits were not excludable other than by the hearsay rule. The trial judge obviously did so find because the exhibits were admitted.

In Bingham v. Blunk, supra, loc. cit. 1398, we said: "In admitting the exhibits the trial court found compliance with the statute. This was a proper judicial function."

We find no error in the admission of the exhibits or the testimony of plaintiff's witness.

III. For their second proposition relied on for reversal defendants say there was failure of proof that plaintiff furnished materials used on defendants', Plants', real estate.

Our mechanic's lien law is statutory. That is, the right to the lien depends on the statutes. The statutes are found in chapter 572, Code of Iowa.

Section 572.2 provides "Every person who shall furnish any material or labor for * * * any building or land for improvement, * * * or repair thereof, * * * by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor shall have a lien * * * to secure payment for material or labor furnished * * *."

■ Proof of actual use of the material is not necessary under the statute. The statute gives the right to a lien to one who *furnishes* material *for* the building. (Emphasis supplied.)

Under section 572.13, except on receipt or waiver by subcontractor or security furnished, an owner need not pay the original contractor until the expiration of 60 days from completion of the building. Under section 572.9 a subcontractor is protected for 60 days. Under section 572.14 payment to the contractor prior to the expiration of the 60-day period does not relieve the owner from liability to the subcontractor.

■ ■ Statutory changes were discussed and many questions under our present mechanic's lien law were answered in Des Moines Furnace & Stove Repair Co. v. Lemon, 244 Iowa 316, 56 N.W.2d 923, with supporting citations. A materialman furnishing materials by virtue of a contract with the owner's contractor is a subcontractor under the statute. Loc. cit. 319. This is a statutory right and not a question of agency. Loc. cit. 320. A lien right is not defeated because claimant relied on the credit of the principal contractor as well as upon the building. Loc. cit. 320.

■ If the lien claim is filed within the time required the owner may settle with the chief contractor only at his peril; and this without regard to whether he had knowledge of the existence of the subcontractor. Loc. cit. 321, 322.

In Bernstein v. Alcorn, 194 Iowa 1109, 1113, 190 N.W. 975, 976, we said: "The mechanics' lien statute should not be so construed as to defeat its obvious purpose and intention, where there is a reasonable and substantial compliance with its provisions in order to create a lien."

■ A materialman's lien cannot be defeated by evidence that the material furnished for the improvement was not actually used for that purpose. Lee & Jameson v. Hoyt, 101 Iowa 101, 70 N.W. 95.

In Frudden Lumber Co. v. Kinnan, 117 Iowa 93, 95, 90 N.W. 515, the plaintiff was a lumber company which took orders for and sold millwork manufactured by others. The building contractor and a salesman for the manufacturer figured the millwork required for a house to be built by the contractor for defendants. An order was sent to the manufacturer. By custom in the trade sales were made only through the local dealer. The materials were consigned and shipped directly to the contractor but charged to and paid for by the local lumber dealer. The materials were shipped in separate lots and the drayman who handled the materials for the contractor did not know where the materials came from. It was difficult to determine just how much of the order given by the contractor to the salesman was in fact delivered but it appeared that similar material went into the house. There was no contention that the materials were bought elsewhere. The contractor had absconded. The evidence was held sufficient to establish the local dealer's lien for the material. The opinion says: "It is the furnishing of material for a building which entitles the party to a lien and its actual use in the construction thereof need not be shown."

In the case now before us the evidence shows material furnished for the improvement, and delivered to the owners' contractor, similar material installed on the house and there is no claim that the materials were bought elsewhere.

The Frudden case, supra, is cited in Hobson Bros. v. Townsend, 126 Iowa 453, 102 N.W. 413, wherein it is said:

"Two things are essential before one may avail himself of the benefits of this statute: (1) Materials must be furnished; and (2) for the particular building. It is not necessary that

they be actually used in the building. [Citations] It is necessary that they be actually furnished for that purpose. What the materialman supposes is not controlling." Loc. cit. 454 and 455.

Exhibits 1, 2 and 3 were identified by plaintiff's president and were received as original records. They were offered to show the furnishing of the materials for which a lien is claimed. Each is on a printed form filled in with handwriting to show appropriate data. Omitting printing along the edge and not material here Exhibit 1 appears as follows:

Receipt

No. M 08865

MOFFITT BUILDING MATERIAL CO.

Phone AT 8-7259        621 S.W. 7th

Des Moines 9, Iowa,   12-1   1960

Charge to   U.S. Lbr & Supply

Deliver to Plants – 917 S 1st      Order No. Job 87

Address      Oskaloosa, Ia.    Disc.     If Paid By

| Quantity | Description | Feet | Price | Amount |
|---|---|---|---|---|
| 11# | Saharata Tan Insel Plas | | | |
| | Sahara Stone | . | | |
| 300′ | Cove Mldy | | | |
| 11# | Nails for Insel plastic | . | | |
| 2 | Gal White Caulking | | | . |
| 60 | Insel plastic S Tan O S | . | | |
| | Corners | | | |
| | | | | |
| C/1 | | | | |
| Special Instruc- tions | /s/ Glen Dodds | . | | . |

Exhibit 2 dated 12-6-60 is on a similar form and lists 200 feet of cove moulding.

Exhibit 3 dated 12-7-60 is on a similar form and lists 16 pieces of Tan Plastic Stone.

Near the bottom of each exhibit is the signature of Glen Dodds identified by plaintiff's witness as an employee of the contractor.

■ The fact that the materials were charged to the contractor does not defeat plaintiff's right to a lien. Des Moines Furnace & Stove Repair Co. v. Lemon, supra.

In Dalbey Brothers Lumber Co. v. Crispin, 234 Iowa 151, 158, 12 N.W.2d 277, 280, the owners contended that there was no proof of delivery of the items claimed to have been furnished and for which a mechanic's lien was filed by the lumber company. We said:

■ "The original tickets and memoranda of the sale and purchase of the items in question were introduced in evidence. We hold that this evidence was admissible in support of the lien claim of the appellee lumber company. Tickets and memoranda of a like nature have been held admissible as proof of books of account." (Citations)

In Hansen v. Kaperonis, 243 Iowa 1257, 1263, 55 N.W.2d 284, 287, this statement is qualified and explained in the following words:

"The text of that statement should probably have been qualified or limited to prevent an inference that such 'original tickets and memoranda of sale' were admissible without supporting proof. As defendant pertinently argues, 'The slips of paper could not identify themselves.' What the opinion really says is that being admitted they constituted proof of delivery. It refers not to the question of their admissibility but to their effect as evidence on that issue."

We have held in Division II that the sales slips Exhibits 1, 2 and 3 were sufficiently identified and properly admitted into evidence. Under the authority of the cases last above referred to we conclude that they constitute proper evidence of the delivery of materials by plaintiff to the owners' contractor and of furnishing materials for the owners' improvement within the meaning of the statute.

The exhibits show furnishing of materials by plaintiff with directions for delivery to the owners' premises. The owners' name and address are shown. Receipts for the materials are signed by an employee of the owners' contractor. Materials of the same kind, color and amount appear on the owners' house. The evidence shows sufficient compliance with the statute to

establish plaintiff's mechanic's lien and support foreclosure thereof.

Whether defendant owners have been wronged as urged in argument we do not know. In any event there is no showing of any wrong by act or omission of plaintiff. All plaintiff has done is furnish materials for the improvement of the owners' house and seek payment therefor. If defendant owners have not paid their contractor they still owe under their contract and have either complete or substantial protection. If defendant owners have prematurely paid their contractor they have invited their own misfortune by failing to avail themselves of the protection afforded by the statute, section 572.13, Code of Iowa, supra.

The case is—Affirmed.

All JUSTICES concur.