TEDDY SHEA, Appellee, v. BIDDLE IMPROVEMENT COMPANY, Appellant.

**EVIDENCE:** Documentary Evidence—Book of Original Entries. A
1  so-called loose-leaf ledger, showing, by timely entries, the various items of labor or materials and the separate charges therefor, and *intended*, at the time of making up, to constitute the permanent evidence of the charges, is admissible as a book of

original entries, even though made up from memorandum slips, which showed the various items of labor or materials, without charges attached thereto, and which were *intended* as temporary aids in making up the ledger, and not as permanent evidence of charges.

**EVIDENCE:** Book of Original Entries—Timely Entries. Evidence
2   reviewed, and held to show that entries in books of original entry were timely.·

**TRIAL:** Erroneous Instruction Eliminated by Jury Findings. An
3   erroneous instruction is without prejudice, when it affirmatively appears that the findings of the jury wholly eliminate the hypothesis upon which the erroneous instruction was given. So held where the instruction was erroneous because not applicable to the pleadings, and because wrongly placing the burden of proof.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

APRIL 6, 1920.

ACTION at law to recover for labor performed and material furnished pursuant to a contract. The answer was, in legal effect, a general denial. There was a trial to a jury, and a verdict for the plaintiff for the full amount of his claim. Judgment was rendered thereon, and defendant appeals.—*Affirmed.*

*H. L. Bump,* for appellant.

*C. C. Putnam* and *Judson C. Piper,* for appellee.

EVANS, J.—At the time of the transactions under consideration, the plaintiff was a plumber, engaged in business for many years in the city of Des Moines. The defendant was a corporation, organized for the purpose of acquiring a long-time lease on a certain city property on Second Street and Grand Avenue in Des Moines. For the purpose of improving such property, so as to increase the rental value thereof, it constructed thereon 14 store fronts. Plaintiff

was employed to do the plumbing. The negotiations with
the plaintiff were carried on in advance of the actual organ-
ization of the defendant corporation by the individuals who
organized it. The contract was oral. It provided that the
plaintiff was to do all the work for the actual cost of the
labor, plus 20 per cent, and to furnish all of the material for
the actual cost of the same, plus 10 per cent. This feature
of the contract is admitted by the defendant's representa-
tives, as witnesses. They testified, however, that the
plaintiff agreed that the maximum cost should not
exceed $1,000, which contention was denied by plaintiff as a
witness. This difference presents the only conflict in the
evidence at the trial. There was, however, no admission of
any part of plaintiff's account, further than that the de-
fendant pleaded a payment of $700, which was admitted by
the plaintiff.

Two errors are assigned by appellant as grounds of re-
versal, and we proceed to their consideration.

I.   The first error relates to the admissibility in evi-
dence of plaintiff's books of account.

Plaintiff attached to his petition an itemized statement
of all the material furnished by him, including the actual
cost of each item, and an itemized statement of all the
labor performed, including the name of the
laborer and number of hours of labor per-
formed by him at a stated time. In support
of his petition, he put in evidence, over the
objection of the defendant, his account
book, wherein the same itemization appeared as was set
forth in his petition. The objection to the book was that
the entries therein were not original entries, and, therefore,
it was not a book of original entries. This objection was
predicated upon the fact, testified to by plaintiff, that every
item of material delivered by him upon the premises was
first entered upon memorandum slips; and also that the

1. EVIDENCE:
documentary
evidence: book
of original
entries.

time of each laborer was first entered in hours upon memo·
randum slips, either by the laborer or by the plaintiff him-
self, who was personally engaged in labor upon the job.
The argument is that the memoranda upon the slips con-
stituted the original entries, and that the slips themselves
were the only admissible evidence thereof.  The plaintiff's
only account book kept by him was what is called a loose-
leaf ledger.  He used the slips for the purpose of making
immediate memoranda upon the ground.  These memoran-
da consisted of the items of material and of the hours of
time of each laborer.  No prices were written upon any of
them.  The plaintiff was his own bookkeep-
er.  The memoranda were made during the
daytime, in the progress of the work.  The
day's charges were then made by plaintiff
"that night, or maybe the next night, and then I do work
on my books on Sundays or Saturday afternoons."  This
was a sufficient showing that the charges "were made at or
near the time of the transactions" therein entered.  The
entries were all in the handwriting of the plaintiff.  He tes-
tified to their correctness.

2. EVIDENCE:
book of original
entries: timely
entries.

Section 4623, Code, 1897, is as follows:

"Sec. 4623.  Books of account containing charges by
one party against the other, made in the ordinary course of
business, are receivable in evidence only under the following
circumstances, subject to all just exceptions as to their cred-
ibility:

"1. They must show a continuous dealing with persons
generally, or several items of charge at different times
against the other party in the same book or set of books;

"2. It must be shown by the party's oath, or otherwise,
that they are his books of original entries;

"3. It must be shown in like manner that the charges
were made at or near the time of the transactions therein

entered, unless satisfactory reasons appear for not making such proof;

"4. The charges must also be verified by the party or clerk who made the entries, to the effect that they believe them just and true, or a sufficient reason must be given why such verification is not made."

All the requirements of this statute were substantially met in the showing, unless it be that the existence of the slips and the memoranda thereon, impeached or supplanted the account book as a book of *original* entries. The argument for appellant is that the memorandum slips were the original entries, and that, therefore, there could be no subsequent original entries. Whether these memoranda constituted the original entries, within the meaning of the statute, depends, in part, upon whether they were intended as such by the plaintiff, when made. An original entry, within the meaning of the statute, is one which is intended, when made, to be the permanent evidence of the charge. If no memoranda had been made upon the slips, would the plaintiff's books be better evidence than they are? Appellant's argument would make them such. If the slips and the memoranda thereon were, at the time of their use, intended only as a temporary aid to the entering of the charges upon the book of original entries, they cannot be deemed thereby to supplant the book as one of original entries, nor to impair its credibility; provided, of course, that the entries in the book were made at or near the time of the transactions, and by one who had actual knowledge and memory of the transaction, at the time of the entry.

It will be noted, also, that Section 4623 has reference to entries of "charges." No prices were entered and no "charges" actually made upon the memorandum slips. The statute also purports to deal, not with mere "original entries," but with "books of original entries." True, we have held that slips containing original entries may be deemed books

of account, within the meaning of the statute. *Emeny Auto Co. v. Meiderhauser,* 175 Iowa 220. But that depends, also, as already indicated, upon whether they were intended as such when they were made. Of course, no book of original entries is conclusive. Its credibility is always open to attack. Even though it sufficiently comply with Section 4623 to be admissible in evidence, yet the actual method of the particular entries may be inquired into and considered on the question of credibility.

That the memoranda involved in this case were intended as mere temporary aid in the making of a multitude of entries upon the book of original entries, is sufficiently shown. We hold, therefore, that the book was admissible, as one of original entries. Its credibility is not otherwise assailed. Nor are the items appearing therein in any manner contradicted. The items are all of such a nature that, if untrue, they were subject to contradiction by mere observation upon the job. Any experienced plumber could invoice the items of material entering into the job done by the plaintiff.

II. The second error complained of is directed to Instruction No. 2, given by the court to the jury. This was as follows:

"The defendant contends that there was an oral agreement entered into between the plaintiff and defendant, by virtue of which plaintiff was to furnish material and labor for plumbing said buildings, located at or near Second Street and between Locust Street and Grand Avenue, and that the defendant was to pay the plaintiff the cost of material used, plus 10 per cent, and the cost of labor, plus 20 per cent, and that the plaintiff agreed that, in no event, the total costs of labor and material would exceed the sum of $1,000. That the plaintiff has performed the services, and that this defendant has paid plaintiff on

3. TRIAL: erroneous instruction eliminated by jury findings.

said contract the sum of $700, leaving a balance yet due the plaintiff from the defendant in the sum of $300. Now, as to the above, the burden of proof is upon the defendant to establish the same by a preponderance of the evidence, and if you find that the defendant has so established the above to be the agreement made between the parties, then the plaintiff, under the issues, will be entitled to a verdict at your hands, on account of material and labor furnished and performed on account of said contract, in the sum of $300."

It will be noted from a perusal of the foregoing that the court lifted the burden of proof from the plaintiff to prove his account. If the jury should find that he had agreed upon a maximum cost of $1,000, in that event the jury was instructed to return a verdict for him for $300. This is the feature of the instruction complained of. It was manifestly erroneous. It was doubtless predicated upon a misconception of defendant's pleading.

What prejudice could the defendant have suffered therefrom? If the jury had found that the plaintiff did limit his charges to a maximum cost of $1,000, and had returned a verdict for the plaintiff for $300, the defendant would have been in a position to complain of this instruction.

The total cost of the job, as pleaded by plaintiff, and as his evidence tended to prove, was $2,147, with $700 paid thereon. In the first instruction, the court laid upon the plaintiff the full burden of proof as to the entire account. The jury returned a verdict for $1,447. They necessarily found that there was no agreement by plaintiff for a maximum cost of $1,000. Such finding eliminated entirely the hypothesis upon which the jury was directed, by Instruction No. 2, to return a verdict for $300. The error was, therefore, clearly without prejudice. No other errors are presented for our consideration. The judgment below is, accordingly,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.